1   CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
2   Peter A. Schey, Cal. Bar No. 58232
    Carlos R. Holguin, Cal. Bar No. 90754
3   Cynthia Lucas, Cal. Bar No. 247335
    256 S. Occidental Blvd.
4   Los Angeles, Ca. 90057
5   Telephone: (213) 388-8693 exts. 104, 109, 116
    Facsimile: (213) 386-9484
6
7   ASIAN PACIFIC ISLANDER LEGAL OUTREACH
    Victor M. Hwang, Cal. Bar No. 162467
8   Ivy C. Lee, Cal. Bar No.  202375
    1188 Franklin Street, Suite 202
9   San Francisco, CA 94109
10  Telephone: (415) 567-6255 exts. 24, 34
    Facsimile: (415) 567-6248
11
    *Attorneys for Plaintiffs* (additional counsel listed next page)
12

ORIGINAL
FILED

E-filing     MAR – 6 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

13              IN THE UNITED STATES DISTRICT COURT
14
15          FOR THE NORTHERN DISTRICT OF CALIFORNIA
16                  SAN FRANCISCO DIVISION

17  CATHOLIC CHARITIES CYO (SAN        C  07      1307
    FRANCISCO);                      )  Case No.
18  INTERNATIONAL INSTITUTE OF THE EAST BAY; )
    VOCES UNIDAS PROJECT;            )  COMPLAINT FOR         PJH
19  CENTRAL AMERICAN RESOURCE CENTER )  DECLARATORY AND
    (LOS ANGELES);                   )  INJUNCTIVE RELIEF
20  HERMANDAD MEXICANA NACIONAL;     )
21  SANCTUARY FOR FAMILIES (NEW YORK); ) [CLASS ACTION]
    FRIENDLY HOUSE (PHOENIX);        )
22  DIOCESAN MIGRANT & REFUGEE SERVICES, )
    INC. OF EL PASO; SERGIO BUCIO PEREZ AND )
23  ANDRES BUCIO PEREZ, THROUGH THEIR NEXT )
    FRIEND, SANDRA BUCIO; SANDRA BUCIO; )
24  XIOMARA CASTRO; RAMONA QUINTERO; LUIS )
25  R. NUNEZ HERNANDEZ; RICARDO NUNEZ )
    HERNANDEZ; ELIZABETH LOPEZ GOMEZ; )
26  MARIA ESTERVINA PEREZ; GIOVANA  )
27  SAAVEDRA; ELEUTERIO RODRIGUEZ RUIZ; )
    FELIPE SANCHEZ MARTINEZ; FRANCISCA )
28  RAMIREZ ALVAREZ; CONSTANTINA CAMPOS; )
    IRMA MORENO SANVICENTE; ROSA GALAVIZ; )
    MARIA LUISA ARROYO; JUAN FRANCISCO )

1   ROCHA ROCHA; JORGE DOMINGUEZ RIVERA,   )
                                          )
2                Plaintiffs,              )
                                          )
3   -vs-                                  )
                                          )
4   MICHAEL CHERTOFF, Secretary,          )
5   U.S. Department of Homeland Security; )
                                          )
6   UNITED STATES CITIZENSHIP AND         )
    IMMIGRATION SERVICES, U.S. DEPARTMENT )
7   OF HOMELAND SECURITY,                 )
                                          )
8                Defendants.              )
                                          )
9   _____    )

10  *Plaintiffs' counsel, continued*
11  SANCTUARY FOR FAMILIES
    Julie E. Dinnerstein, N.Y. Bar No. 2779510
12  Sanctuary for Families
13  Brooklyn Family Justice Center
    350 Jay Street, 15th Floor
14  Brooklyn, NY 11201
    Telephone: (718) 250-5103
15  Facsimile: (718) 624-4240

16
17  CENTRAL AMERICAN RESOURCE CENTER
    Daniel Sharp, Cal. Bar No. 237473
18  2845 West 7th Street
    Los Angeles, CA 90005
19  Telephone: (213) 385-7800
    Facsimile: (213) 385-1094
20

21  PUBLIC LAW CENTER
    Kenneth W. Babcock, Cal. Bar No. 100183
22  Kirsten M. Kreymann, Cal. Bar No. 236630
    601 Civic Center Drive West
23  Santa Ana, CA 92701
24  Telephone: (714) 541-1010
    Fax: (714) 541-5157
25

26  James Parry Eyster, Mich. Bar No. P37894
    3475 Plymouth Road
27  Ann Arbor, MI 48105
    Telephone: (734) 827-7929
28  Facsimile: (734) 827-7925

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2  BUSTAMANTE AND ASSOCIATES, PLC
   Andres Bustamante, Cal. Bar No. 147025
3  634 S. Spring St., Suite 910
   Los Angeles, CA 90014
4  Telephone: (213) 891-9009
   Facsimile: (213) 627-1655
5

6  Of counsel:
   Brooke Kirkland,  Ill. Bar No. 219351
7  Center for Human Rights and Constitutional Law

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I

PRELIMINARY STATEMENT

1. This is a class action seeking declaratory and injunctive relief compelling Defendants Michael Chertoff, Secretary of the U.S. Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS") to discharge their statutory duty to permit immigrant crime victims who assist law enforcement officials in the investigation or prosecution of criminal offenders to apply for lawful immigration status. On October 28, 2000 — over six years ago — the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), codified at, *inter alia*, 8 U.S.C. § 1101(a)(15)(U) ("Crime Victims Act" or "Act"), was signed into law. Among other things, the Crime Victims Act permits immigrants who are victims of serious crimes and who assist law enforcement to apply for and receive "U" visas. After possessing U status for three years, such immigrants may apply for lawful permanent resident status. Section 1101(a)(15)(U) reflects Congress's judgment that certain crime victims should be permitted to remain lawfully in the United States both for humanitarian reasons and so that they may help bring dangerous, violent criminals to justice.

2. Despite having six years to do so, defendants have unlawfully failed to implement the U visa program. Defendants have failed to promulgate regulations, establish procedures, or publish application forms through which crime victims may apply for U visas. Defendants have set no filing fee, nor have they trained and assigned officers to adjudicate U visa applications. Nor have

Complaint

- 4 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  defendants referred immigrant crime victims for social services, as required by

2  the 6-year old U visa law. When individuals who are *prima facie* eligible for U

3
   visas, including the named individual plaintiffs herein, request defendants to
4
5  issue them U visas (or promulgate regulations and procedures permitting them

6  to apply for such visas), defendants have refused. Consequently, immigrant

7  crime victims have no way to apply for the immigration benefits Congress

8
   conferred on them some six years ago.
9
10         3. Plaintiffs and crime victims' advocates have repeatedly urged

11  defendants to promulgate regulations and procedures implementing the U visa

12  program and to begin issuing eligible individuals U visas without further delay.

13
    Defendants have ignored these entreaties, and plaintiffs now seek judicial relief
14
15  on behalf of themselves and those similarly situated requiring defendants to

16  discharge their statutory duty and to restore plaintiffs and their class members to

17  the position they would be in but for defendants' persistent non-feasance of their

18
    lawful obligations. Defendants' failure to implement the U visa statute not only
19
20  unlawfully ignores an existing law, it also discourages immigrant victims of

21  crimes from reporting such crimes and cooperating with law enforcement, and

22  more importantly often allows the perpetrators of crimes to avoid arrest and

23  conviction for such crimes.

24

25

26

27

28

Complaint

- 5 -

II

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).  Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201-02.

5. Venue is properly in this district pursuant to 28 U.S.C. § 1391(b) and (e)(1), (2) and (4), because some of the acts complained of occurred in this district, some of the plaintiffs reside in this district, defendants have offices in this district, and no real property is involved in this action.

III

PARTIES

6. Plaintiff CATHOLIC CHARITIES CYO is a non-profit organization serving the immigrant communities of San Francisco, Marin, and San Mateo Counties in California. Among other activities, CATHOLIC CHARITIES CYO provides legal aid to indigent immigrants who wish to legalize their status. These services include assistance to immigrant victims of serious crimes who have cooperated with law enforcement agencies. Defendants' failure to implement the U visa provisions of the Crime Victims Act and refusal to grant crime victims U visas interferes with CATHOLIC CHARITIES CYO's work and makes the achievement of its goals substantially more difficult. The unavailability of U visas requires CATHOLIC CHARITIES CYO to assist clients to apply for two benefits instead of one. First, it must assist clients to apply for "deferred action," a discretionary status offered by the USCIS to temporarily suspend removal proceedings against certain

Complaint

- 6 -

immigrants and for temporary employment authorization, relief that must be

renewed through a new application annually. This is the only temporary relief

that defendants have offered to U visa applicants willing to seek relief prior to

the issuance of a formal application form and regulations describing those

immigrants whom defendants consider eligible for U visa status. Second, if and

when implementing regulations are finally promulgated, CATHOLIC CHARITIES

CYO must then assist its clients to apply for U visas. Defendants' non-feasance

and other unlawful policies as herein alleged are therefore diverting the limited

resources of CATHOLIC CHARITIES CYO and making their work and achievement

of their goals more difficult and costly. CATHOLIC CHARITIES CYO's delivery of

services to crime victims eligible for U visas is more difficult, time-consuming,

and expensive than is its delivery of like services to persons who seek lawful

status under provisions of the Immigration and Nationality Act for which

implementing regulations have been duly promulgated.

7. Plaintiff INTERNATIONAL INSTITUTE OF THE EAST BAY ("IIEB") is a non-

profit legal organization that provides free and low-cost legal and social services

to immigrants and refugees in the East Bay of Northern California. Among other

activities, IIEB provides legal aid to indigent immigrants who wish to legalize the

status. These services include assistance to immigrant victims of serious crimes

who have cooperated with law enforcement agencies. The unavailability of U

visas requires IIEB to assist clients to apply for two benefits instead of one. First,

it must assist clients to apply for "deferred action" and for temporary

employment authorization, relief that must be renewed through a new

Complaint

- 7 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    application annually. Second, if and when implementing regulations are finally

2    promulgated, IIEB must then assist its clients to apply for U visas. Defendants'

3

4    non-feasance and other unlawful policies as herein alleged are therefore

5    diverting the limited resources of IIEB and making their work and achievement

6    of their goals more difficult and costly. IIEB's delivering services to crime victims

7    eligible for U visas is more difficult, time-consuming, and expensive than is its

8
9    delivering like services to persons who seek lawful status under provisions of the

10   Immigration and Nationality Act for which implementing regulations have been

11   duly promulgated.

12       8. Plaintiff Voces Unidas Project of the Center for Human Rights

13   and Constitutional Law ("Voces Unidas") is a national program addressing

14
15   the needs of Mexican national immigrants residing in the United States who are

16   survivors of domestic abuse and victims of crime. The Voces Unidas project

17   provides technical support and funding for numerous non-profit organizations

18   providing free legal services to immigrant survivors of domestic violence and

19
20   victims of crime. It also provides free legal services to low-income and under-

21   served immigrants, including those who wish to apply for U visas. Defendants'

22   failure to implement the U visa provisions of the Crime Victims Act and refusal

23   to grant crime victims U visas interferes with Voces Unidas's work and makes

24
25   the achievement of Voces Unidas's goals substantially more difficult. The

26   unavailability of U visas requires that Voces Unidas provide a range of

27   technical support services it would not have to provide if defendants issued

28   regulations setting forth eligibility standards and procedures for adjudicating U

Complaint

- 8 -

1   visas. The absence of regulations also requires that the VOCES UNIDAS project

2   assist its direct services clients to apply for two benefits instead of one. First, it

3
4   must assist clients to apply for "deferred action" and for temporary employment

5   authorization, relief that must be renewed through a new application annually.

6   Second, if and when implementing regulations are finally promulgated, VOCES

7   UNIDAS must then assist its clients to apply for U visas. Defendants' non-feasance

8
9   and other unlawful policies as herein alleged are therefore diverting the limited

10  resources of VOCES UNIDAS and making their work and achievement of their

11  goals more difficult and costly. VOCES UNIDAS's delivering services to crime

12  victims eligible for U visas is more difficult, time-consuming, and expensive than

13
14  is its delivering like services to persons who seek lawful status under provisions

15  of the Immigration and Nationality Act for which implementing regulations

16  have been duly promulgated.

17      9. Plaintiff CENTRAL AMERICAN RESOURCE CENTER ("CARECEN") is a

18  California not-for-profit corporation located in Los Angeles, California.

19
20  CARECEN's purposes include protecting and promoting fair and lawful public

21  policies toward immigrants, ensuring compliance with federal laws and the

22  United States Constitution by federal, state and local government agencies in

23  their treatment of immigrants, and delivering social services and humanitarian

24
25  assistance to immigrants and their families. These services include assistance to

26  immigrant victims of serious crimes who have cooperated with law enforcement

27  agencies.  The unavailability of U visas requires CARECEN to assist clients to

28  apply for two benefits instead of one. First, it must assist clients to apply for

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1   "deferred action" and for temporary employment authorization, relief that must

2   be renewed through a new application annually. Second, if and when

3

4   implementing regulations are finally promulgated, CARECEN must then assist

5   its clients to apply for U visas. Defendants' non-feasance and other unlawful

6   policies as herein alleged are therefore diverting the limited resources of

7   CARECEN and making their work and achievement of their goals more difficult

8

9   and costly. CARECEN's delivering services to crime victims eligible for U visas is

10  more difficult, time-consuming, and expensive than is its delivering like services

11  to persons who seek lawful status under provisions of the Immigration and

12  Nationality Act for which implementing regulations have been duly

13  promulgated.

14

15      10. Plaintiff HERMANDAD MEXICANA NACIONAL ("HMN") is a

16  membership and social and legal services not-for-profit California corporation

17  with several offices located in the County of Los Angeles, California. HMN's 's

18  purposes include protecting and promoting fair and lawful public policies

19

20  toward immigrants, ensuring compliance with federal laws and the United States

21  Constitution by federal, state and local government agencies in their treatment of

22  immigrants, and delivering social services and humanitarian assistance to

23  immigrants and their families. HMN has approximately 15,000 members, most of

24

25  whom are immigrants. HMN has members and clients who are the victims of

26  crime in the United States and who have cooperated with law enforcement

27  agencies. As a direct and proximate result of defendants' non-feasance as alleged

28  herein, HMN's members are unable to obtain U visas. Some members are

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

unwilling to apply for deferred action because they fear such applications may prejudice their eligibility for U visas if defendants later issue U visa guidelines or regulations that are inconsistent with the guidelines defendants currently use in determining whether to grant deferred action. The unavailability of U visas requires HMN to assist clients to apply for two benefits instead of one. First, it must assist clients to apply for "deferred action" and for temporary employment authorization, relief that must be renewed through a new application annually. Second, if and when implementing regulations are finally promulgated, HMN must then assist its clients to apply for U visas. Defendants' non-feasance and other unlawful policies as herein alleged are therefore diverting the limited resources of HMN and making their work and achievement of their goals more difficult and costly. HMN's delivering services to crime victims eligible for U visas is more difficult, time-consuming, and expensive than is its delivering like services to persons who seek lawful status under provisions of the Immigration and Nationality Act for which implementing regulations have been duly promulgated.

11. Plaintiff SANCTUARY FOR FAMILIES ("SFF") is a New York not-for-profit corporation located in New York, New York. SFF is dedicated to providing services to victims of domestic violence. Among other activities, SFF provides free legal services to low-income and under-served immigrants. These services include assistance to immigrant victims of serious crimes who have cooperated with law enforcement agencies. Defendants' failure to implement the U visa provisions of the Crime Victims Act and refusal to grant crime victims U visas

Complaint

- 11 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

interferes with SFF's work and makes the achievement of SFF's goals

substantially more difficult. The unavailability of U visas requires SFF to assist

clients apply for two benefits instead of one: deferred action and, when and if

implementing regulations are promulgated, U visas. In addition, SFF has been

required to expend resources urging defendants to promulgate U visa

regulations and to issue its clients actual U visas. Defendants' non-feasance and

other unlawful policies as herein alleged are therefore diverting the limited

resources of SFF and making their work and achievement of their goals more

difficult and costly. SFF's delivering services to crime victims eligible for U visas

is more difficult, time-consuming, and expensive than is its delivering like

services to persons who seek lawful status under provisions of the Immigration

and Nationality Act for which implementing regulations have been duly

promulgated.

12. Plaintiff FRIENDLY HOUSE is an Arizona not-for-profit corporation

located in Phoenix, Arizona. Among other activities, FRIENDLY HOUSE provides

low cost, on-site immigration services to the immigrant community in greater

Maricopa County in the State of Arizona. These services include assistance to

immigrant victims of serious crimes who have cooperated with law enforcement

agencies. The unavailability of U visas requires FRIENDLY HOUSE to assist clients

to apply for two benefits instead of one. First, it must assist clients to apply for

"deferred action" and for temporary employment authorization, relief that must

be renewed through a new application annually. Second, if and when

implementing regulations are finally promulgated, FRIENDLY HOUSE must then

Complaint

- 12 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1   assist its clients to apply for U visas. Defendants' non-feasance and other

2   unlawful policies as herein alleged are therefore diverting the limited resources

3
    of FRIENDLY HOUSE and making their work and achievement of their goals more
4

5   difficult and costly. FRIENDLY HOUSE's delivering services to crime victims

6   eligible for U visas is more difficult, time-consuming, and expensive than is its

7
    delivering like services to persons who seek lawful status under provisions of the
8
    Immigration and Nationality Act for which implementing regulations have been
9

10  duly promulgated.

11      13. Plaintiff DIOCESAN MIGRANT & REFUGEE SERVICES, INC ("DMRS") is a

12  not-for-profit legal aid clinic located in El Paso, Texas. Among other activities,

13
    DMRS provides free and low cost legal services to the low-income immigrants
14

15  eligible to legalize their status, including immigrant victims of crime who

16  cooperated with law enforcement agencies. The unavailability of U visas requires

17  DMRS to assist clients to apply for two benefits instead of one. First, it must

18  assist clients to apply for "deferred action" and for temporary employment
19
    authorization, relief that must be renewed through a new application annually.
20

21  Second, if and when implementing regulations are finally promulgated, DMRS

22  must then assist its clients to apply for U visas. DMRS also has several clients

23  who are the immigrant parents of United States citizen children who are the
24

25  victims of crime and who or whose parents cooperated with law enforcement

26  agencies in the investigation or prosecution of such crimes, such that 8 U.S.C. §§

27  1101(U)(i)(III) in conjunction with 1184(p) operate to deny U visa eligibility to

28  these clients while granting such benefit to the immigrant parents of

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

undocumented and lawful permanent resident children. Defendants' non-feasance and other unlawful policies as herein alleged are therefore diverting the limited resources of DMRS and making their work and achievement of their goals more difficult and costly. DMRS's delivering services to crime victims eligible for U visas is more difficult, time-consuming, and expensive than is its delivering like services to persons who seek lawful status under provisions of the Immigration and Nationality Act for which implementing regulations have been duly promulgated.

14. Plaintiffs Sandra Bucio, Xiomara Castro, Ramona Quintero, Luis R. Nuñez Hernandez, Ricardo Nuñez Hernandez, Elizabeth Lopez Gomez, Maria Estervina Perez, Giovana Saavedra, Eleuterio Rodriguez Ruiz, Felipe Sanchez Martinez, Francisca Ramirez Alvarez, Constantina Campos, Irma Moreno Sanvicente, Rosa Galaviz, Maria Luisa Arroyo, Juan Francisco Rocha Rocha, and Jorge Dominguez Rivera are victims of crime in the United States. Each plaintiff is *prima facie* eligible for a U visa under federal law because —

(a) she or he "suffered substantial physical or mental abuse as a result of having been the victim of criminal activity;"

(b) she or he "possesses information concerning the criminal activity;"

(c) she or he "has been helpful, is being helpful, or is likely to be helpful to Federal, State, or local law enforcement official investigating or prosecuting…[the] criminal activity;"

(d) "the criminal activity…violated the laws of the United States or occurred in the United States," and

Complaint

- 14 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    (e) "the criminal activity…involv[ed] … rape, … trafficking, … domestic

2    violence, … sexual assault, false imprisonment … [or] felonious assault…"

3
4    8 U.S.C. § 1101(a)(15)(U). As alleged herein defendants have unlawfully refused

5    to afford said plaintiffs a means to apply for and receive U visas.

6         15. Plaintiffs have petitioned Defendants, in writing, to issue them U visas

7    and to promulgate regulations implementing the Crime Victims Act. Defendants

8
9    have unlawfully ignored these requests, just as they have ignored for over six

10   years their duty to faithfully execute the law as enacted by Congress.

11        16. Plaintiffs SERGIO BUCIO PEREZand ANDRES BUCIO PEREZare minor

12   children of Plaintiff SANDRA BUCIO. The Crime Victims Act provides in part that

13
14   "the Attorney General may also grant status … based upon certification of a

15   government official listed in clause (i)(III) [including "Federal, State, or local law

16   enforcement official[s]…"] that an investigation or prosecution would be harmed

17   without the assistance of the … child … of the [crime victim]." 8 U.S.C. §

18
19   1101(a)(15)(U)(ii). Local law enforcement officials made such certifications for

20   each of the above-mentioned minor plaintiffs. Defendants have unlawfully

21   refused to adjudicate the U visa applications filed on behalf of Plaintiffs MINOR 1

22   and MINOR 2. Plaintiffs SERGIOand ANDRES BUCIO PEREZsue by and through

23   their next friend and parent, Plaintiff SANDRA BUCIO.

24        17. Plaintiff SANDRA BUCIO is a citizen and national of Mexico. She is a

25   resident of the City of San Francisco, State of California. Plaintiff BUCIO is a

26
27   victim of an aggravated battery, false imprisonment and aggravated assault. She

28   cooperated with law enforcement and is statutorily eligible for the issuance of a

Complaint

- 15 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693