1   U visa. On or about February 1, 2004 Plaintiff BUCIO presented Defendants a

2   written request that they issue her and her children, Plaintiffs SERGIO and

3
4   ANDRES BUCIO PEREZ, lawful status in accordance with the Crime Victims Act.

5   Defendants have refused to grant or deny Plaintiff BUCIO'S and Plaintiffs SERGIO

6   and ANDRES BUCIO PEREZ U visa status.

7        18. Plaintiff XIOMARA CASTRO is a citizen and national of El Salvador. She
8
9   is a resident of the City of San Francisco, State of California. Plaintiff XIOMARA

10  CASTRO is a victim of criminal assault and domestic violence. She cooperated

11  with law enforcement and is statutorily eligible for the issuance of a U visa. On

12  or about July 30, 2004 Plaintiff XIOMARA CASTRO presented Defendants a written

13
14  request for benefits under the Crime Victims Act. Defendants have refused to

15  grant or deny Plaintiff CASTRO a U visa.

16       19. Plaintiff RAMONA QUINTERO is a citizen and national of Mexico. She is

17  a resident of the City of San Francisco, State of California. Plaintiff QUINTERO is a

18  victim of criminal threats, Restraining Order violation, and battery (domestic
19
20  violence). She cooperated with law enforcement and is statutorily eligible for the

21  issuance of a U visa. On or about October 6, 2004 Plaintiff QUINTERO presented

22  Defendants a written request for benefits under the Crime Victims Act.

23  Defendants have refused to grant or deny Plaintiff QUINTERO a U visa.

24
25       20. Plaintiff LUIS R. NUNEZ HERNANDEZ is a citizen and national of

26  México.  He is a resident of the City of San Francisco, State of California.  Plaintiff

27  NUNEZ HERNANDEZ is a victim of aggravated assault with a gun and attempted

28  murder. He cooperated with law enforcement and is statutorily eligible for the

Complaint                                              Center for Human Rights & Constitutional Law
                                    - 16 -                         256 S. Occidental Blvd.
                                                                   Los Angeles, CA 90057
                                                                   213/388-8693

1   issuance of a U visa. On or about September 17, 2004, Plaintiff NUNEZ

2   HERNANDEZ presented Defendants a written request for benefits under the

3   Crime Victims Act. Defendants have refused to grant or deny plaintiff NUNEZ

4   HERNANDEZ a U visa.

5

6        21. Plaintiff RICARDO NUNEZ HERNANDEZ is a citizen and national of

7   México.  He is a resident of the City of San Francisco, State of California.  Plaintiff

8   RICARDO NUNEZ HERNANDEZ is a victim of aggravated assault with a gun and

9   attempted murder. He cooperated with law enforcement and is statutorily

10  eligible for the issuance of a U visa. On or about September 17, 2004, Plaintiff

11  NUNEZ HERNANDEZ presented Defendants a written request for benefits under

12  the Crime Victims Act. Defendants have refused to grant or deny plaintiff

13  NUNEZ HERNANDEZ a U visa.

14

15       22. Plaintiff ELIZABETH LOPEZ GOMEZ is a citizen and national of México.

16  She is a resident of the City of San Mateo, State of California. Plaintiff ELIZABETH

17  LOPEZ GOMEZ is a victim of the infliction of corporal injury on a spouse, criminal

18  assault, and criminal threats. She cooperated with law enforcement and is

19  statutorily eligible for the issuance of a U visa. On or about May 21, 2004,

20  Plaintiff LOPEZ GOMEZ presented Defendants with a written request for benefits

21  in accordance with the Crime Victims Act. Defendants have refused to grant or

22  deny Plaintiff LOPEZ GOMEZ a U visa.

23

24       23. Plaintiff MARIA ESTERVINA PEREZ is a citizen and national of El

25  Salvador.  She is a resident of the City of Menlo Park, State of California. Plaintiff

26  ESTERVINA PEREZ is a victim of the infliction of corporal injury and criminal

Complaint

-17-

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

assault. She cooperated with law enforcement and is statutorily eligible for the issuance of a U visa. On or about July 28, 2004, Plaintiff ESTERVINA PEREZ presented Defendants with a written request for benefits in accordance with the Crime Victims Act. Defendants have refused to grant or deny Plaintiff ESTERVINA PEREZ a U visa.

24. Plaintiff GIOVANA SAAVEDRA is a citizen and national of Peru. She is a resident of the City of Newark, State of California. She is a victim of domestic violence and is statutorily eligible for the issuance of a U visa. On or about November 21, 2006, she petitioned the USCIS to issue her benefits under the Crime Victims Act. Plaintiff SAAVEDRA submitted her application without a U certification after making several good faith efforts to obtain one from the Newark Police Department and the Alameda County District Attorney's office, but they refused despite the fact that the abuser in her case was prosecuted and pled guilty. Defendants have refused to grant or deny Plaintiff SAAVEDRA a U visa.

25. Plaintiff ELEUTERIO RODRIGUEZ RUIZ is a citizen and national of Mexico. He is a resident of the City of Stockton, State of California. He is a victim of an aggravated assault perpetrated by a United States citizen vigilante armed with a deadly weapon, cooperated with law enforcement that investigated the crime, and is statutorily eligible for the issuance of a U visa. On or about June 30, 2005, he petitioned the USCIS to issue him a U visa. Defendants have refused to grant or deny Plaintiff RODRIGUEZ RUIZ's request for a U visa.

Complaint

- 18 -

26. Plaintiff FELIPE SANCHEZ MARTINEZ is a citizen and national of Mexico. He is a resident of the City of Phoenix, State of Arizona. He is a victim of an aggravated assault perpetrated by a United States citizen vigilante armed with a deadly weapon, cooperated with law enforcement that investigated the crime, and is statutorily eligible for the issuance of a U visa. On or about June 30, 2005, he petitioned the USCIS to issue him a U visa. Defendants have refused to grant or deny Plaintiff SANCHEZ MARTINEZ's request for a U visa.

27. Plaintiff FRANCISCA RAMIREZ ALVAREZ is a citizen and national of Mexico. She is a resident of the City of Louisville, State of Kentucky. She is a victim of domestic violence and is statutorily eligible for the issuance of a U visa. On or about March 19, 2002, she petitioned the Louisville, KY Immigration and Naturalization Service office for benefits under the Crime Victims Act. On January 2, 2003, she petitioned the USCIS for benefits under the Crime Victims Act. Defendants have refused to grant or deny Plaintiff FRANCISCA RAMIREZ ALVAREZ a U visa.

28. Plaintiff CONSTANTINA CAMPOS is a citizen and national of Mexico. She is a resident of the City of New York, State of New York. She is a victim of domestic violence, cooperated with law enforcement, and is statutorily eligible for the issuance of a U visa. On or about July 12, 2002, she petitioned the USCIS for benefits under the Crime Victims Act. Defendants have refused to grant or deny Plaintiff CAMPOS a U visa.

29. Plaintiff IRMA MORENO SANVICENTE is a citizen and national of Mexico. She is a resident of the City of New York, State of New York. She is a

Complaint

- 19 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

victim of criminal domestic violence, cooperated with law enforcement, and is statutorily eligible for the issuance of a U visa. She first petitioned the USCIS for U visa benefits in late 2005, but the USCIS refused to adjudicate her petition on the basis that her law enforcement certification had expired. On or about February 3, 2006, Plaintiff MORENO SANVICENTE petitioned the USCIS again for benefits under the Crime Victims Act. In January 2007, Plaintiff MORENO SANVICENTE petitioned the USCIS for a renewal of deferred action status and for a U visa. Absent regulations allowing for the issuance of U visas, Plaintiff MORENO SANVICENTE's 17-year-old daughter in Meixco is in danger of aging out of eligibility as a derivative to her mother's U visa application. Defendants have refused to grant or deny Plaintiff IRMA MORENO SANVICENTE a U visa.

30. Plaintiff ROSA GALAVIZ is a citizen and national of Mexico. She is a resident of the State of Indiana. She is a victim of criminal domestic violence, has cooperated with law enforcement, and is statutorily eligible for the issuance of a U visa. On or about June 28, 2006, she petitioned the USCIS to issue her a U visa in accordance with the Crime Victims Act.  She has also petitioned on behalf of her seven minor children who reside in Mexico and are eligible for U visas as derivatives. The domestic violence perpetrated against Plaintiff GALAVIZ by her abusive husband resulted in his deportation. Absent regulations allowing for the issuance of U visas, Plaintiff ROSA GALAVIZ's children are in danger of aging out of eligibility as derivatives to her U visa application.  Defendants have refused to grant or deny Plaintiff ROSA GALAVIZ or her children U visas.

Complaint

- 20 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

31. Plaintiff MARIA LUISA ARROYO TORRES is a citizen and national of Mexico. She is a resident of the City of Mercedes, State of Texas. She is a victim of assault and domestic violence and is statutorily eligible for the issuance of a U visa. On or about July 10, 2006, she petitioned the USCIS for benefits under the Crime Victims Act. Plaintiff TORRES submitted her application with a U certification signed on August 5, 2005 by Assistant Criminal District Attorney of the County of Hidalgo, over six months before the date on which she applied for U visa benefits. Defendants rejected her request for a U visa because her U certification was not signed within six months of her request for a U visa.

32. Plaintiff JUAN FRANCISCO ROCHA ROCHA is a citizen and national of Mexico. He is a resident of the City of Alamo, State of Texas. He and his family were the victims of a felonious assault and attempted murder, cooperated with law enforcement, and are statutorily eligible for the issuance of a U visa. On or about November 30, 2006, he petitioned the USCIS to issue him benefits under the Crime Victims Act. At the same time, Plaintiff ROCHA ROCHA filed an I-765 application for employment authorization. Prior to November 2006, the USCIS accepted concurrent filing of U visa or deferred action status and employment authorization applications. On information and belief, in or about November 2006, without complying with the notice and comment provisions of the Administrative Procedures Act, defendants changed their policy and now no longer accept employment authorization applications along with applications for U visas or deferred action status. Plaintiff ROCHA ROCHA was issued a denial of

Complaint

- 21 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1   his application for employment authorization on or about January 17, 2007, and

2   his application for U visa benefits remains pending.

3       33. Plaintiff JORGE DOMINGUEZ RIVERA is a citizen and national of Mexico

4   temporarily residing in Tucson, Arizona. He is the victim of felonious assault

5   perpetrated by a U.S. Border Patrol agent on January 12, 2007, when that agent

6   tried to run Plaintiff DOMINGUEZ RIVERA over with his vehicle. Plaintiff

7   DOMINGUEZ RIVERA has cooperated with law enforcement agents investigating

8   the incident. Plaintiff DOMINGUEZ RIVERA has applied for a U visa and requested

9   that Defendants issue a U certification since Defendants' agents are investigating

10  the alleged felonious assault. In February 2007, Defendants threatened Plaintiff

11  DOMINGUEZ RIVERA with execution of an order of expedited removal before his

12  application for a U visa is adjudicated. Defendants have refused and failed to

13  issue regulations and to adjudicate Plaintiff JORGE DOMINGUEZ RIVERA's

14  application for a U visa.

15      34. Defendant Michael CHERTOFF is the Secretary of the United States

16  Department of Homeland Security. Defendant CHERTOFF is charged with the

17  implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*,

18  and with the administration of the United States Citizenship and Immigration

19  Services. He is sued in his official capacity.

20      35. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES

21  ("USCIS") is a bureau of the U.S. Department of Homeland Security. USCIS is

22  charged with the implementation of the Immigration and Nationality Act, 8

23  U.S.C. §§ 1101 *et seq.*, including the U visa provisions, as well as enactments of

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Congress requiring the promulgation of implementing regulations pursuant to which plaintiffs and those similarly situated may have their eligibility for U visas lawfully determined.

## IV

### CLASS ALLEGATIONS

36. Plaintiffs bring this action on behalf of themselves and all other persons similarly situated pursuant to Fed.R.Civ.Proc. Rule 23(a) and 23(b)(2). Plaintiffs provisionally propose this action be certified on behalf of the following class:

> All persons who are *prima facie* eligible for a U visa and who have applied for or would apply for issuance of a U visa but for defendants' failure to issue U visas or promulgate regulations implementing § 1512 of the Victims of Trafficking and Violence Protection Act of 2000.

37. Members of the proposed class likely number in the thousands and are so numerous that joinder of all members is impracticable. The claims of the proposed class representatives and those of the proposed class members raise common questions of law and fact concerning, *inter alia*, whether defendants may lawfully refuse to provide a path by which individuals who are *prima facie* eligible for U visas may apply for the immigration benefit Congress has made available to them. These questions are common to the named plaintiffs and to the members of the proposed class because Defendants have acted and will continue to act on grounds generally applicable to both the named plaintiffs and proposed class members. The individual named plaintiffs' claims are typical of the class

Complaint

- 23 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

claims. The named plaintiffs will adequately represent all members of the proposed class.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants. The issuance of regulations, forms, standards and procedures is a national function, not a function performed differently in each individual case or in each USCIS district or region. Prosecution of separate actions would create the risk that individual class members will secure court orders that would as a practical matter be dispositive of the claims of other class members not named parties to this litigation, thereby substantially impeding the ability of unrepresented class members to protect their interests.

39. Defendants, their agents, employees, and predecessors and successors in office have acted or refused to act, and will continue to act or refuse to act, on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiffs will vigorously represent the interests of unnamed class members. All members of the proposed class will benefit by the action brought by the plaintiffs. The interests of the plaintiffs and those of the proposed class members are identical. Plaintiffs are represented by counsel associated with non-profit public interest law firms and reputable private firms acting *pro bono publico* and include attorneys highly experienced in federal class action litigation involving the rights of foreign nationals, children, and refugees within the United States.

Complaint

- 24 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

V

FACTUAL ALLEGATIONS

40. Although the Crime Victims Act set no specific date by which defendants were required to promulgate regulations implementing the U visa program, several years after its enactment, in the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006) ("VAWA Reauthorization Act"), Congress directed defendants to "promulgate regulations to implement" the U visa program "[n]o later than 180 days after the date of enactment of this Act… " *Id.* at § 828. On January 5, 2006, the VAWA Reauthorization Act was signed into law, and defendants were thereafter under an unambiguous legal duty to promulgate U visa regulations no later than July 4, 2006.

41. Defendants have nevertheless persisted in their failure to afford crime victims a means to apply for and obtain U visas. Instead, defendants have granted some U visa-eligible persons a quasi-legal, non-statutory temporary status known as "deferred action." Deferred action is no more than an exercise of prosecutorial discretion not to seek a crime victim's immediate deportation or removal. Deferred action confers no cognizable legal status and simply defers an individual's deportation from the United States. In contrast, recipients of actual U visas are entitled, among other benefits, to be employed, to travel abroad, to be referred for social and related services, and to accrue time toward eligibility for lawful permanent residence. 8 U.S.C. § 1255(m) (U visa holders eligible for permanent residence after three years).

Complaint

- 25 -

42. Pursuant to 8 U.S.C. § 1101(U)(ii), the spouses, children, and, if the applicant is under 21, the unmarried siblings, of persons who are issued U visas are entitled to "derivative" U visas if they are "accompanying or following to join" a U visa holder. *Id.* 8 U.S.C. § 1101(b)(1) defines the term "child" as "an unmarried person under twenty-one years of age ..." Persons eligible for derivative U visas as "children" accordingly become ineligible for such visas upon turning 21 years of age. Because defendants have failed to issue U visas, persons eligible for derivative U visas have been denied and will be denied benefits Congress intended to extend to them because the defendants have permitted them to "age out" of eligibility.

43. Shortly after enactment of the Crime Victims Act, defendants adopted a policy and practice permitting persons who sought U visas or deferred action on the basis of asserted eligibility for U visas to apply for employment authorization concurrently with their requests for deferred action. This policy and practice allowed persons whom defendants granted deferred action status to work lawfully in the United States after a maximum delay of 90 days. 8 C.F.R. § 274a.13(d). The policy and practice was consistent with defendants' treatment of applicants for other immigration benefits who are permitted to apply for employment authorization concurrently with their applications for lawful status. *See, e.g.* 8 C.F.R. § 274a.13(a)(2).

44. However on or about November 2, 2006, defendants discontinued the afore-alleged policy and practice and adopted a new policy to reject applications for employment authorization from persons seeking U visas or deferred action

Complaint

- 26 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  not adjudicate her or her children's applications for U visas until after they

2  promulgate implementing regulations, something Defendants have failed to do

3  for six years.

4

5       49. Plaintiff XIOMARA CASTRO is a victim of criminal assault and domestic

6  violence.  On or about January 26, 2002, Plaintiff XIOMARA CASTRO was

7  physically attacked by her husband and suffered extreme physical abuse as a

8  result.  Section 1512 of the Crime Victims Act of 2000 declares the victims of such

9  crimes eligible for U Visas.  Plaintiff XIOMARA CASTRO reported these crimes to

10 the Rosenberg Police Department in Rosenburg, TX and the perpetrator was

11 found guilty as charged.  Additionally, on March 30, 2004, a Police Officer from

12

13 the Rosenberg Police Department certified that XIOMARA CASTRO was being

14 helpful in the investigation and prosecution of the crime. On or about July 30,

15

16 2004, Plaintiff XIOMARA CASTRO presented Defendants a written request for

17 benefits under the Crime Victims Act. Defendants have refused and failed to

18 issue regulations and or to issue Plaintiff XIOMARA CASTRO a U visa. On

19

20 information and belief, Plaintiff XIOMARA CASTRO alleges that Defendants have

21 not and will not adjudicate an application for a U visa until after they

22 promulgate implementing regulations, something Defendants have failed to do

23 for six years. Defendants' failure to issue implementing regulations deprives

24

25 Plaintiff XIOMARA CASTRO, and those similarly situated of procedures,

26 standards, and forms by which they may obtain a U visa. Defendants' unlawful

27 failure and refusal to adjudicate Plaintiff XIOMARA CASTRO's application for a U

28 visa blocks their ability to travel abroad and accrue three years temporary

Complaint

- 29 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

based on asserted eligibility for a U visa until after deferred action is actually granted. Defendants take an average of several months to decide a request for deferred action based on asserted eligibility for a U visa. Defendants' new policy and practice accordingly delay for an additional several months the time when persons statutorily eligible for U visas are permitted to work lawfully in the United States. Said policy and practice encode a substantive value judgment and substantially alter the rights or interests of regulated parties, but were adopted entirely informally and without compliance with any of the rulemaking provisions of the Administrative Procedure Act, 5 U.S.C. § 553.

45. 8 U.S.C. § 1184(p)(3)(A) requires defendants to "provide aliens [holding U visas] with referrals to nongovernmental organizations to advise the aliens regarding their options while in the United States and the resources available to them..." As a matter of policy and practice, defendants fail to provide persons statutorily eligible for U visas with referrals as required by 8 U.S.C. § 1184(p)(3)(A).

46. 8 U.S.C. § 1184(p)(1) requires that "[t]he petition filed by an alien [for a U visa] shall contain a certification from a Federal, state or local law enforcement official, prosecutor, judge, or other Federal State or local authority investigation criminal activity ... This certification shall state that the alien 'has been helpful, is being helpful, or is likely to be helpful' in the investigation or prosecution of criminal activity..." Nothing in § 1184(p) or elsewhere requires that the specified certification be executed within any specific time proximate to the filing of an application for a U visa.

Complaint

- 27 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

47. However, defendants, as a matter of policy and practice, deny deferred action to individuals who seek such relief based on asserted eligibility for U visas whenever they do not furnish a § 1184(p)(1) certification executed within six months of their requests for deferred action. Said policy and practice graft onto § 1184(p)(1) an *ultra vires* and unlawful eligibility requirement.

48. Plaintiff SANDRA BUCIO is a citizen and national of Mexico. She is a resident of the City of San Francisco, State of California. Plaintiff BUCIO is a victim of an aggravated assault and battery and false imprisonment. Section 1512 of the Crime Victims Act of 2000 declares the victims of such crimes eligible for U Visas. Plaintiff BUCIO reported these crimes to the Hidalgo Police Station in New Mexico and the perpetrator was arrested and was charged with several crimes, including aggravated battery, false imprisonment, and child abuse. On December 20, 2002 a Deputy District Attorney of Grant County in New Mexico certified that Plaintiff BUCIO had been helpful in the investigation and prosecution of the crime. On October 3, 2003, a new certification was obtained from the same District Attorney's office. The law enforcement certification further states that the criminal investigation and prosecution would be harmed without the assistance of Plaintiff SANDRA BUCIO's children, Plaintiffs SERGIO BUCIO PEREZ AND ANDRES BUCIO PEREZ. On or about February 1, 2004 Plaintiff SANDRA BUCIO presented Defendants a written request for benefits for her and her children under the Crime Victims Act. Defendants have refused and failed to issue U visas to Plaintiff SANDRA BUCIO or SERGIO or ANDRES BUCIO PEREZ. On information and belief, Plaintiff BUCIO alleges that Defendants have not and will

Complaint

- 28 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

residence as required by the Victims Protection Act before they may obtain

permanent residence.

50. Plaintiff RAMONA QUINTERO is a victim of criminal threats, Restraining

Order violation, and battery (Domestic Violence). On or about July 15, 2003

RAMONA QUINTERO was physically attacked by her former husband and

suffered extreme physical abuse. Plaintiff RAMONA QUINTERO reported these

crimes to the San Francisco Police Department and on August 26, 2004, an

Assistant District Attorney of the San Francisco District Attorney's Office

certified that RAMONA QUINTERO has been helpful in the prosecution of the

crime. On or about October 6, 2004, Plaintiff RAMONA QUINTERO presented

Defendants a written request for benefits under the Crime Victims Act.

Defendants have refused and failed to issue regulations or to grant Plaintiff

RAMONA QUINTERO a U visa. On information and belief, Plaintiff RAMONA

QUINTERO alleges that Defendants have not and will not adjudicate an

application for a U visa until after they promulgate implementing regulations,

something Defendants have failed to do for six years. Defendants' failure to issue

implementing regulations deprives Plaintiff RAMONA QUINTERO, and those

similarly situated of procedures, standards, and forms by which they may obtain

a U visa. Defendants' unlawful failure and refusal to adjudicate Plaintiff

RAMONA QUINTERO's application for a U visa blocks their ability to travel abroad

and accrue three years temporary residence as required by the Victims Protection

Act before they may obtain permanent residence.

Complaint

- 30 -

1   51. Plaintiff LUIS R. NUNEZ HERNANDEZ is a victim of aggravated assault

2   with a gun and attempted murder. Section 1512 of the Crime Victims Act of 2000

3   declares the victims of such crimes eligible for U Visas.  Plaintiff HERNANDEZ

4   reported these crimes to the San Francisco Police Station in California and an

5   Assistant District Attorney has certified that Plaintiff HERNANDEZ has been

6   helpful in the investigation of the crime.  On or about September 17, 2004,

7   Plaintiff HERNANDEZ presented Defendants a written request for a U visa.

8   Defendants have refused and failed to issue U visa regulations or to grant

9   Plaintiff HERNANDEZ a U visa. On information and belief, Plaintiff HERNANDEZ

10  alleges that Defendants have not and will not adjudicate an application for a U

11  visa until after they promulgate implementing regulations, something

12  Defendants have failed to do for six years.

13  52. Plaintiff RICARDO NUNEZ HERNANDEZ is a victim of aggravated

14  assault with a gun and attempted murder.  On or about March 21, 2003, Plaintiff

15  NUNEZ HERNANDEZ was shot in the chest.  Section 1512 of the Crime Victims Act

16  of 2000 declares the victims of such crimes eligible for U Visas.  Plaintiff NUNEZ

17  HERNANDEZ reported these crimes to the San Francisco Police Department in

18  California and an Assistant District Attorney has certified that NUNEZ

19  HERNANDEZ has been helpful in the investigation of the crime.  On or about

20  September 17, 2004, Plaintiff NUNEZ HERNANDEZ presented Defendants with a

21  written request for relief under the Crime Victims Act.  Defendants have refused

22  and failed to issue U visa regulations or to grant Plaintiff NUNEZ HERNANDEZ a

23  U visa. On information and belief, Plaintiff RICARDO NUNEZ HERNANDEZ alleges

Complaint

- 31 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693