1    that Defendants have not and will not adjudicate an application for a U visa until

2    after they promulgate implementing regulations, something Defendants have

3

4    failed to do for six years.

5        53. Plaintiff ELIZABETH LOPEZ GOMEZ is a victim of felonious assault,

6    infliction of corporal injury, and criminal threats. Section 1512 of the Crime

7    Victims Act of 2000 declares the victims of such crimes eligible for U visas.

8
     Plaintiff LOPEZ GOMEZ reported these crimes to the Menlo Park Police
9
10   Department, and the perpetrator was arrested and prosecuted as a result. On or

11   about April 30, 2004, a San Mateo County deputy district attorney certified that

12   plaintiff LOPEZ GOMEZ possesses information concerning this criminal activity

13
     and was being helpful in the prosecution of the perpetrator. On or about May 21,
14
15   2004 plaintiff LOPEZ GOMEZ presented defendants with a written request for

16   benefits under the Crime Victims Act.  Defendants have refused and failed to

17   issue regulations or to grant plaintiff LOPEZ GOMEZ a U visa. On information and

18   belief, defendants have not and will not adjudicate an application for a U visa
19
     until after they promulgate implementing regulations, something they have
20
21   failed to do for more than six years.

22       54. Plaintiff MARIA ESTERVINA PEREZis a victim of the infliction of corporal

23   injury and criminal assault. Section 1512 of the Crime Victims Act of 2000

24
     declares the victims of such crimes eligible for U visas. Plaintiff ESTERVINA PEREZ
25
26   reported these crimes to the Menlo Park Police Department, and the perpetrator

27   was arrested and prosecuted as a result. On or about May 4, 2004, a San Mateo

28   County deputy district attorney certified that plaintiff ESTERVINA PEREZ

Complaint

- 32 -

possesses information concerning this criminal activity and was being helpful to the prosecution of the perpetrator. On or about July 28, 2004 Plaintiff ESTERVINA PEREZ presented defendants with a written request for benefits under the Crime Victims Act. Defendants have refused and failed to issue regulations or to grant plaintiff ESTERVINA PEREZ a U visa. On information and belief, Plaintiff ESTERVINA PEREZ alleges that Defendants have not and will not adjudicate an application for a U visa until after they promulgate implementing regulations, something they have failed to do for more than six years.

55. Plaintiff GIOVANA SAAVEDRA ANGULO is a victim of criminal domestic violence perpetrated by her husband in 2005. In or around July 2005, Plaintiff SAAVEDRA ANGULO called the Newark police and reported the crime. Section 1512 of the Crime Victims Act of 2000 declares the victims of such crimes eligible for U visas. Plaintiff SAAVEDRA ANGULO gave detailed statements to law enforcement officials regarding this crime, and the perpetrator was arrested for and charged with criminal domestic violence. The perpetrator was convicted. Despite Plaintiff SAAVEDRA ANGULO's cooperation, the documented domestic violence, and the guilty plea in this case, both the Newark Police Department that arrested the perpetrator, and the Alameda County District Attorney's office that prosecuted the perpetrator, declined as a matter of policy to sign a U certification. On or about November 21, 2006, Plaintiff SAAVEDRA ANGULO presented defendants with a written request for benefits under the Crime Victims Act. On information and belief, Plaintiff SAAVEDRA ANGULO alleges that defendants have not and will not adjudicate an application for a U visa until and

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  unless defendants first issue implementing regulations, including regulations

2  addressing the circumstance when a crime victim is unable to secure a U

3
4  certification from a local law enforcement agency.

5        56. Plaintiff ELEUTERIO RODRIGUEZ RUIZ is a victim of felonious

6  aggravated assault, false imprisonment, and unlawful criminal restraint. On or

7  about April 10, 2005, he was falsely imprisoned at gunpoint and otherwise

8
9  victimized in an act of vigilante violence along the Mexico-United States border

10 in the State of Arizona; he suffered extreme mental abuse as a result. Section 1512

11 of the Crime Victims Act of 2000 declares the victims of such crimes eligible for U

12 visas. Plaintiff RODRIGUEZ RUIZ gave detailed statements to law enforcement

13
14 officials regarding this crime, and the perpetrator was arrested for felonious

15 aggravated assault with a deadly weapon. A law enforcement officer has

16 certified that plaintiff RODRIGUEZ RUIZ possesses information concerning the

17 criminal activity, has been helpful to local law enforcement in its investigation,

18
19 and remains willing to cooperate with any further investigation into the crime.

20 On or about June 30, 2005, Plaintiff RODRIGUEZ RUIZ presented defendants with a

21 written request for a U visa pursuant to the Crime Victims Act. However

22 defendants have failed to issue regulations implementing the U visa provisions

23 of the Crime Victims Act, and have failed to adjudicate Plaintiff RODRIGUEZ

24
25 RUIZ's application for a U visa. On information and belief, Plaintiff RODRIGUEZ

26 RUIZ alleges that defendants have not and will not adjudicate his application for

27 a U visa until and unless defendants first issue implementing regulations.

28

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

57. Plaintiff FELIPE SANCHEZ MARTINEZ is a victim of felonious aggravated assault, false imprisonment, and unlawful criminal restraint. On or about April 10, 2005, he was falsely imprisoned at gunpoint and otherwise victimized in an act of vigilante violence along the Mexico-United States border in the State of Arizona; he suffered extreme mental abuse as a result. Section 1512 of the Crime Victims Act of 2000 declares the victims of such crimes eligible for U visas. Plaintiff SANCHEZ MARTINEZ gave detailed statements to law enforcement officials regarding this crime, and the perpetrator was arrested for felonious aggravated assault with a deadly weapon. A law enforcement officer has certified that plaintiff SANCHEZ MARTINEZ possesses information concerning the criminal activity, has been helpful to local law enforcement in its investigation, and remains willing to cooperate with any further investigation into the crime. On or about June 30, 2005, plaintiff SANCHEZ MARTINEZ presented defendants with a written request for a U visa pursuant to the Crime Victims Act. However defendants have failed to issue regulations implementing the U visa provisions of the Crime Victims Act, and have failed to adjudicate plaintiff SANCHEZ MARTINEZ's application for a U visa. On information and belief, plaintiff SANCHEZ MARTINEZ alleges that defendants have not and will not adjudicate his application for a U visa until and unless defendants first issue implementing regulations.

58. Plaintiff FRANCISCA RAMIREZ ALVAREZ is a victim of criminal domestic violence and is statutorily eligible for the issuance of a U visa. Plaintiff RAMIREZ ALVAREZ was threatened with guns and knives and was beaten and sexually

1   assaulted. Plaintiff RAMIREZ ALVAREZ has been issued a U visa certification,

2   signed by a law enforcement official on March 18, 2002, stating that Plaintiff

3

4   RAMIREZ ALVAREZ has been helpful to local law enforcement in its criminal

5   investigation.  On or about June March 19, 2002, she petitioned the local

6   Louisville, KY Immigration and Naturalization Service (INS) office for a U visa

7   or deferred action status. Having been granted no benefits, on or about January

8
9   2, 2003, Plaintiff RAMIREZ ALVAREZ petitioned the Vermont Service Center of INS

10  for relief under the Crime Victims Act.  She was finally granted deferred action

11  status on or about October 17, 2003. On information and belief, Plaintiff RAMIREZ

12  ALVAREZ alleges that Defendants have not and will not adjudicate her a U visa

13
    until and unless Defendants first issue implementing regulations.
14

15      59. Plaintiff CONSTANTINA CAMPOS was a victim of domestic violence in

16  the City of New York.  The perpetrator was arrested and prosecuted in Kings

17  County Criminal Court and Plaintiff CAMPOS received a Criminal Court Order of

18
19  Protection against him.  Section 1512 of the Crime Victims Act declares the

20  victims of such crimes eligible for U visas. Plaintiff CAMPOS reported these

21  crimes to the New York City Police Department and a law enforcement official

22  certified that Plaintiff CAMPOS has been helpful in the prosecution of the crime.

23
    On or about June 21, 2002, and several times thereafter, Plaintiff CAMPOS has
24

25  presented Defendants with written request for relief under the Crime Victims

26  Act.  Defendants have refused and failed to issue regulations or to grant Plaintiff

27  CAMPOS a U visa. On information and belief, Plaintiff CAMPOS alleges that

28  Defendants have not and will not adjudicate an application for a U visa until

Complaint                                          Center for Human Rights & Constitutional Law
                              - 36 -                         256 S. Occidental Blvd.
                                                             Los Angeles, CA 90057
                                                             213/388-8693

1  after they promulgate implementing regulations, something Defendants have

2  failed to do for six years.

3

4  60. Plaintiff IRMA MORENO SANVICENTE is a victim of domestic violence

5  perpetrated by her husband. Plaintiff MORENO SANVICENTE has suffered

6  substantial physical and mental harm as a result. In or around March of 2005,

7  Plaintiff MORENO SANVICENTE's husband was arrested following an incident of

8

9  domestic violence. Her husband was prosecuted in New York County Crimnal

10  Court. Plaintiff MORENO SANVICENTE cooperated with the police and District

11  Attorney throughout the investigation and prosecution of the crime. Plaintiff

12  MORENO SANVICENTE obtained a certification from the New York County

13  District Attorney's Office describing her cooperation. In or around late 2005,

14

15  Plaintiff MORENO SANVICENTE presented Defendants with a written request for

16  relief under the Crime Victims Act. On November 15, 2005, Defendants refused

17  to grant relief on the basis that her law enforcement certification was not signed

18  within six months of her request. Plaintiff MORENO SANVICENTE sought and

19

20  obtained an updated U certification. On or about February 3, 2006, Plaintiff

21  MORENO SANVICENTE presented Defendants with a second request for benefits

22  under the Crime Victims Act. She was eventually granted deferred action status

23  however she has not been granted U visa status and her 17-year old daughter

24

25  who remains in México is in danger of "aging out" of U visa derivative

26  eligibility. Plaintiff MORENO SANVICENTE is unable to reunite with her daughter

27  because of defendants' failure to issue U visas or derivative U visas.

28

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    61. Plaintiff ROSA GALAVIZ is a victim of criminal domestic violence

2    perpetrated by her husband.  Plaintiff GALAVIZ has suffered substantial physical

3    and mental abuse as a result of this criminal abuse. On or about March 20, 2006,

4    her husband pled guilty to charges of domestic battery against Plaintiff GALAVIZ

5    and was sentenced to a period of incarceration. In or about May 2006 Plaintiff

6    GALAVIZ's husband was deported to México and now resides with Plaintiff

7    GALAVIZ's seven minor children, the oldest of whom is 14 years of age.  In 2006,

8    a Deputy Prosecuting Attorney from Marion County, Indiana certified that

9    Plaintiff GALAVIZ had been helpful in the criminal investigation and prosecution.

10   On or about June 28, 2006, Plaintiff GALAVIZ petitioned the USCIS for benefits

11   under the Crime Victim Act. On or about February 13, 2007, Plaintiff GALAVIZ

12   also petitioned the USCIS on behalf of her seven minor children in México,

13   seeking to reunite with them in the United States and remove them from the

14   danger of their abusive father. Defendants have refused and failed to issue

15   regulations or to grant Plaintiff ROSA GALAVIZ's or her children U visas. On

16   information and belief, Plaintiff GALAVIZ alleges that Defendants have not and

17   will not adjudicate an application for a U visa until after they promulgate

18   implementing regulations, something Defendants have failed to do for six years.

19   Defendants' failure and refusal to grant Plaintiff ROSA GALAVIZ a U visa blocks

20   her ability to travel abroad and to seek reunification with her dependent children

21   in a timely manner that protects their safety and well-being.

22       62. Plaintiff MARIA LUISA ARROYO TORRES is a victim of criminal assault

23   and domestic violence perpetrated by her ex-husband. She reported these crimes

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  to the Hidalgo County Sheriff's Department on or about September 11, 2004 and

2  August 2, 2005. On or about July 10, 2006, she petitioned the USCIS for benefits

3
4  under the Crime Victims Act. Plaintiff ARROYO TORRES submitted her application

5  with a U certification signed on or about August 5, 2005 by Assistant Criminal

6  District Attorney of the County of Hidalgo, stating that Plaintiff ARROYO TORRES

7  possesses information concerning the criminal activity, has been helpful to local

8
9  law enforcement in its investigation, and remains willing to cooperate with any

10  further investigation into the crime. That certification was issued more than six

11  months before Plaintiff ARROYO TORRES applied for a U visa or deferred action

12  status. In or about October 2006 defendants denied Plaintiff ARROYO TORRES

13
14  relief under the Crime Victims Act because her U certification was signed more

15  than six months before it was submitted to the USCIS. On or about December 1,

16  2006, Plaintiff TORRES received a denial of her employment authorization

17  application.

18
19      63. Plaintiff JUAN FRANCISCO ROCHA ROCHA is a victim of felonious

20  assault and attempted murder perpetrated by unknown assailants. Plaintiff

21  ROCHA ROCHA suffered substantial physical and mental abuse as a result, as did

22  his wife and two young sons. A law enforcement officer has certified that

23
24  Plaintiff ROCHA ROCHA and his family have been helpful to law enforcement in

25  the investigation of the crime. On or about November 30, 2006, Plaintiff ROCHA

26  ROCHA and each of his family members submitted applications for rlelief under

27  the Crime Victims Act, concurrently with applications for employment

28  authorization.  On or about January 17, 2007, Plaintiff ROCHA ROCHA's

Complaint
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  application for employment authorization was denied, on information an belief

2  based upon defendants' new policy of not accepting employment authorization

3  
4  applications until the defendants have granted an applicant deferred action

5  status. Defendants have refused and failed to issue regulations or to grant

6  Plaintiff ROCHA ROCHA a U visa. On information and belief, Plaintiff ROCHA

7  ROCHA alleges that Defendants have not and will not adjudicate an application

8  
9  for a U visa until after they promulgate implementing regulations, something

10  Defendants have failed to do for six years.

11      64. Plaintiff JORGE DOMINGUEZ RIVERA is a victim of felonious assault

12  perpetrated by a U.S. Border Patrol agent on January 12, 2007, when that agent

13  
14  tried to run Plaintiff DOMINGUEZ RIVERA over with his vehicle. That same day,

15  Plaintiff DOMINGUEZ RIVERA witnessed the same Border Patrol agent shoot and

16  kill his brother, Francisco Javier Dominguez Rivera. Plaintiff DOMINGUEZ

17  RIVERA has suffered substantial mental abuse as a result. On or about February

18  
19  24, 2007, Plaintiff DOMINGUEZ RIVERA petitioned the USCIS for a U visa or

20  deferred action status. A U certification has not been issued by any

21  representative of the Government currently investigating the January 12, 2007

22  incident, though requests have been made in an effort to obtain such

23  certification. Defendants have threatened Plaintiff DOMINGUEZ RIVERA with

24  
25  execution of an order of expedited removal before his application for a U visa is

26  adjudicated. Defendants have refused and failed to issue regulations and to

27  adjudicate Plaintiff DOMINGUEZ RIVERA's application for a U visa. On

28  information and belief, Plaintiff DOMINGUEZ RIVERA alleges that Defendants

Complaint

- 40 -

1   have not and will not adjudicate his application for a U visa until after they

2   promulgate implementing regulations, something Defendants have failed to do

3   for six years.

4

5                                      VI

6                          IRREPARABLE INJURY

7       65. Plaintiffs and those similarly situated are suffering and will continue to

8   suffer irreparable injury unless this Court orders relief as prayed for herein. Such

9   injury includes, *inter alia*, deprivation of due process and equal protection

10  through withholding of U visas. Damages cannot adequately address the injuries

11

12  suffered by plaintiffs and their proposed class members, including the inability

13  to legalize their immigration status in a manner made available by Congress and

14

15  the loss of ancillary benefits available to U visa holders.

16                                     VII

17                         FIRST CAUSE OF ACTION

18  [Failure to promulgate regulations implementing U visa program]

19
20      66. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65

21  above as though fully re-alleged here.

22      67. Defendants' failure to promulgate regulations implementing 8 U.S.C. §

23  1101(a)(15)(U) is agency action unlawfully withheld or unreasonably delayed, is

24

25  arbitrary, capricious, an abuse of discretion, otherwise not in accordance with

26  law, and violates (i) the Victims Protection Act of 2000, Pub. L. No. 106-386, Div.

27  A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. § 1101(a)(15)(U); (ii) the

28  Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against

Complaint                                                    Center for Human Rights & Constitutional Law
                                  - 41 -                         256 S. Occidental Blvd.
                                                                 Los Angeles, CA 90057
                                                                    213/388-8693

Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and (vi) Article II, §§ 1 and 3, of the United States Constitution.

VIII

SECOND CAUSE OF ACTION

[Refusal to adjudicate U visa applications and issue U visas]

68. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

69. Defendants' failure to adjudicate applications for U visas and refusal to issue U visas is agency action unlawfully withheld or unreasonably delayed, and is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and violates (i) the Victims Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. § 1101(a)(15)(U); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and (vi) Article II, §§ 1 and 3, of the United States Constitution.

Complaint

- 42 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

IX

THIRD CAUSE OF ACTION

[Refusal to adjudicate U visa applications Impact on the

Right to Work and Travel]

70. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

71. Defendants' failure to adjudicate applications for U visas and refusal to issue U visas also deny eligible immigrants employment authorization during the pendency of their U status and the ability to travel abroad without having to make separate applications which are often denied for each trip abroad and violates (i) the Victims Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. § 1101(a)(15)(U); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.;* (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and (vi) Article II, §§ 1 and 3, of the United States Constitution.

Complaint

- 43 -

X

FOURTH CAUSE OF ACTION

[Failure to adjudicate applications for or issue derivative U visas]

72. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

73. Defendants' failure to adjudicate applications for derivative U visas and to issue derivative U visas is agency action unlawfully withheld or unreasonably delayed, and is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and violates (i) the Victims Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. § 1101(a)(15)(U); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and (vi) Article II, §§ 1 and 3, of the United States Constitution.

XI

FIFTH CAUSE OF ACTION

[Unlawful failure to publish employment authorization rule for notice and comment]

74. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

Complaint

- 44 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

75. Defendants' failure to publish for notice and comment its rule forbidding plaintiffs and those similarly situated from applying for employment authorization until after they receive deferred action status violates (i) the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.;* and (ii) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution.

XII

SIXTH CAUSE OF ACTION

[Failure to provide referrals to nongovernmental organizations]

76. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

77. Defendants' failure to provide plaintiffs and their class members with referrals to nongovernmental organizations is agency action unlawfully withheld or unreasonably delayed, and is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and violates (i) 8 U.S.C. § 1184(p)(3)(A); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005; (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.;* (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and (vi) Article II, §§ 1 and 3, of the United States Constitution.

Complaint

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

XIII

SEVENTH CAUSE OF ACTION

[Unlawful rejection of law enforcement certifications]

78. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

79. Defendants' policy and practice to reject certificates of cooperation executed by law enforcement more than six months prior to the filing of U visa applications violates (i) 8 U.S.C. §§ 1101(U)(i)(III) and 1184(p)(1); and (ii) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution.

XIV

EIGHTH CAUSE OF ACTION

[Unlawful failure to issue U Certifications]

80. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

81. Defendants' policy and practice to reject or deny applications unaccompanied by U certifications when applicants are unable despite good faith efforts and U visa eligibility to obtain such certifications from other law enforcement agencies violates (i) 8 U.S.C. §§ 1101(U)(i)(III) and 1184(p)(1); and (ii) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution..

Complaint

- 46 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

XV

NINTH CAUSE OF ACTION

[Unconstitutional Restriction on U Visa Eligibility]

82. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-65 above as though fully re-alleged here.

83. 8 U.S.C. §§ 1101(U)(i)(III) in conjunction with 1184(p) operate to deny U visa eligibility to the immigrant parents of United States citizen children who are the victims of crimes and who or whose parents cooperated with law enforcement agencies in the investigation or prosecution of such crimes, while granting such benefit to the immigrant parents of undocumented and lawful permanent resident children. This unequal treatment is irrational and violates the equal protection guarantee of the Fifth Amendment to the United States Constitution.

XVI

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court —

1. Assume jurisdiction over this action;

2. Certify this action as a class action pursuant to Rule 23(b)(2), Fed.R.Civ.Proc.;

3. Declare that defendants' policies, procedures, and practices as alleged throughout this Complaint violate the Immigration and Nationality Act, as amended by the Victims Protection Act; the Violence Against Women and Department of Justice Reauthorization Act of 2005; the Administrative Procedure

Complaint

- 47 -

Act, 5 U.S.C. §§ 551 *et seq.*; the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution; and Article II, §§ 1 and 3, of the United States Constitution;

4. Issue preliminary and permanent injunctions requiring that Defendants, their agents, employees, and successors in office timely adjudicate U visa applications presented by the individual named Plaintiffs, their proposed class members, and the members and clients of the organizational Plaintiffs, promulgate regulations or procedures implementing the U visa provisions of the Victims Protection Act, and otherwise comply with the terms of the Victims Protection Act and other applicable laws when adjudicating applications filed by the named Plaintiffs, their proposed class members, and the clients and members of the organizational Plaintiffs;

5. Award Plaintiffs costs of suit and attorney's fees reasonably incurred as a result of this lawsuit; and

6. Grant such further relief as the Court may deem just and proper.

Dated: March 6, 2007.

CENTER FOR HUMAN RIGHTS AND
CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguín
Cynthia Lucas

ASIAN PACIFIC ISLANDER LEGAL
OUTREACH
Victor M. Hwang
Ivy C. Lee

CENTRAL AMERICAN RESOURCE
CENTER
Daniel Sharp

Complaint

- 48 -

1
2

SANCTUARY FOR FAMILIES
Julie E. Dinnerstein

3
4

PUBLIC LAW CENTER
Kenneth W. Babcock
Kirsten M. Kreymann

5
6

James Parry Eyster

7

BUSTAMANTE AND ASSOCIATES, PLC
Andres Bustamante

8
9
10

Peter A. Schey

11
12
13

Cynthia Lucas

14
15

Victor M. Hwang

16

Attorneys for Plaintiffs

17
18
19
20
21
22
23
24
25
26
27
28

Complaint

- 49 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693