1  CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
   Peter A. Schey, Cal. Bar No. 58232
2  Carlos R. Holguin, Cal. Bar No. 90754
   Angela Viramontes, Cal. Bar No. 228228
3  256 S. Occidental Blvd.
   Los Angeles, CA 90057
4  Telephone: (213) 388-8693 exts. 304, 309, 310
   Facsimile: (213) 386-9484
5  Email: pschey@centerforhumanrights.org
6  crholguin@centerforhumanrights.org
   aviramontes@centerforhumanrights.org
7
   *Attorneys for Plaintiffs* (additional counsel listed next page)
8
                 IN THE UNITED STATES DISTRICT COURT
9
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
                      SAN FRANCISCO DIVISION
11

12  CATHOLIC CHARITIES CYO; INTERNATIONAL      )   Case No. C 07-1307 PJH
    INSTITUTE OF THE EAST BAY; VOCES UNIDAS    )
13  PROJECT; SANCTUARY FOR FAMILIES;           )
    DIOCESAN MIGRANT & REFUGEE SERVICES,       )   FIRST AMENDED COMPLAINT FOR
14  INC.; ELIZABETH LOPEZ GOMEZ; SANDRA        )   DECLARATORY AND INJUNCTIVE RELIEF
    BUCIO; CONSTANTINA CAMPOS; MARIA           )
15  ESTERVINA PEREZ; FRANCISCA RAMIREZ         )   [CLASS ACTION]
    ALVAREZ; IRMA MORENO SANVICENTE;           )
16  MARIA LUISA ARROYO TORRES; ALMA ROSA       )
    PADILLA DE HERNANDEZ; MARIA                )
17  HERNANDEZ;  ROSA AMEZQUITA RAZO;           )
    ANTONIO PEREZ GARCIA; VERONICA REYES       )
18  BONILLA; ANDRES BUCIO PEREZ and SERGIO     )
    BUCIO PEREZ, through their next friend,    )
19  SANDRA BUCIO;  MARLINDA CLARKE and         )
    PATRICIA GARCIA,  BLANCA ROSSELL           )
20                                             )
21                   Plaintiffs,               )
                                               )
22  -vs-                                       )
                                               )
23  MICHAEL CHERTOFF, Secretary, U.S.          )
    Department of Homeland Security; UNITED    )
24  STATES CITIZENSHIP AND IMMIGRATION         )
    SERVICES, U.S. DEPARTMENT OF HOMELAND      )
25  SECURITY,                                  )
                                               )
26                   Defendants.               )
                                               )
27  ─────────────────────────────────         )

28

1

2

*Plaintiffs' counsel, continued*

3

ASIAN PACIFIC ISLANDER LEGAL OUTREACH
Victor M. Hwang, Cal. Bar No. 162467

4

Ivy C. Lee, Cal. Bar No. 202375
1188 Franklin Street, Suite 202

5

San Francisco, CA 94109
Telephone: (415) 567-6255 exts. 24, 34

6

Facsimile: (415) 567-6248

7

SANCTUARY FOR FAMILIES
Julie E. Dinnerstein, N.Y. Bar No. 2779510

8

Sanctuary for Families
Brooklyn Family Justice Center

9

350 Jay Street, 15th Floor
Brooklyn, NY 11201-2900

10

Telephone: (718) 250-5103

11

Facsimile: (718) 624-4240

12

CENTRAL AMERICAN RESOURCE CENTER
Daniel Sharp, Cal. Bar No. 237473

13

2845 West 7th Street
Los Angeles, CA 90005

14

Telephone: (213) 385-7800
Facsimile: (213) 385-1094

15

16

PUBLIC LAW CENTER
Kenneth W. Babcock, Cal. Bar No. 100183

17

Kirsten M. Kreymann, Cal. Bar No. 236630
601 Civic Center Drive West

18

Santa Ana, CA 92701
Telephone: (714) 541-1010

19

20

James Parry Eyster, Mich. Bar No. P37894
3475 Plymouth Road

21

Ann Arbor, MI 48105
Telephone: (734) 827-7929

22

Facsimile: (734) 827-7925

23

BUSTAMANTE AND ASSOCIATES, PLC
Andres Bustamante, Cal. Bar No. 147025

24

634 S. Spring St., Suite 910
Los Angeles, CA 90014

25

Telephone: (213) 891-9009
Facsimile: (213) 627-1655

26

27

28

Amended Complaint
No. C 07-1307 PJH

- 2 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I

PRELIMINARY STATEMENT

1. This is a class action seeking declaratory and injunctive relief compelling defendants Secretary of U.S. Department of Homeland Security ("DHS") and the United States Citizenship and Immigration Services ("USCIS") to make whole immigrant crime victims who have assisted law enforcement officials in the investigation or prosecution of criminal offenders, and who have been denied timely issuance of lawful immigration status. On October 28, 2000—over seven years ago—the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at*, *inter alia*, 8 U.S.C. §§ 1101(a)(15)(U) and 1184(p) ("Crime Victims Act"), was signed into law. Among other things, the Crime Victims Act confers lawful immigration status—designated a "U visa"—on certain immigrant crime victims and their close family members. Three years after being issued U visas, such crime victims and their close family members are eligible for lawful permanent residence. Section 1101(a)(15)(U) reflects Congress's judgment that immigrant crime victims and their close family members should be permitted to remain lawfully in the United States, both for humanitarian reasons and to encourage them to help bring criminals to justice.

2. For nearly seven years after enactment of the Crime Victims Act, defendants refused to implement the U visa law. Defendants failed to promulgate regulations, establish procedures, or publish application forms through which crime victims could apply for U visas. Defendants set no filing fee, nor did they train or assign officers to adjudicate U visa applications. When individuals who were *prima facie* eligible for U visas, including the named individual plaintiffs herein, requested U visas, defendants refused. Defendants' failure to implement the U visa statute not only flouted Congress's will, it discouraged immigrant victims from reporting crime and cooperating with law enforcement, thus impeding the arrest and conviction of criminal offenders.

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

3. On September 17, 2007, some six months after this action commenced, defendants published regulations implementing the U visa program. *See* 72 Fed. Reg. 53014 (September 17, 2007). Although defendants have now provided crime victims with a means to obtain U visas, their regulations fall short of redressing the injuries plaintiffs and their class members suffered as a result of defendants' unlawful refusal to implement the U visa program. These ongoing injuries include, *inter alia*, the following:

a)   On information and belief, defendants have yet to issue anyone an actual U visa, nor have defendants conferred lawful permanent residence on persons who established *prima facie* eligibility for U visas over three years ago, and have remained continuously physically present in the United States ever since.

b)   The children of crime victims who turned 21 years of age during the nearly seven years defendants failed to issue U visas are no longer eligible for derivative U visas. Similarly, the parents and unmarried siblings of young crime victims who turned 21 during defendants' delay are no longer eligible for derivative U visas. As a direct and proximate result of defendants' nonfeasance and the promulgation of unlawful regulations, countless close family members of crime victims have "aged-out" of eligibility for derivative U visas.

c)   Defendants' regulations create exacting requirements, nowhere authorized by statute, for certifications crime victims must obtain from law enforcement agencies to qualify for U visas. The regulations require that law enforcement certifications be signed by the head of the investigating law enforcement agency or an official specifically designated to execute such certifications on behalf of the agency's head. The regulations also require that law enforcement certifications be executed no more than six months prior to the filing of a U visa application. These provisions graft *ultra vires* eligibility requirements onto the U visa statute

1   and place nearly insurmountable obstacles to crime victims' obtaining the lawful

2   status Congress sought to confer on them.

3   d)   8 U.S.C. § 1184(p)(1) provides specifically that defendants should themselves

4   issue law enforcement certifications to the victims of crimes they investigate or

5   prosecute. Defendants' regulations wholly fail to implement this provision: they

6   provide no standards, procedures or guidelines on when the Department of

7   Homeland Security, its subordinate entities, or its officers or agents will issue

8   such certifications. In practice, defendants uniformly refuse to issue law

9   enforcement certifications to crime victims no matter how meritorious their

10   requests. Defendants' failure to implement the certification provision of §

11   1184(p)(1) and to issue certifications unlawfully blocks crime victims from

12

13   obtaining the lawful status Congress sought to confer on them.

14   e)   Although the Crime Victims Act confers identical rights on crime victims and

15   their close family members to employment authorization, defendants

16   automatically issue principal U visa holders employment authorization, but

17   unlawfully require derivative U visa holders to apply separately for employment

18   authorization.

19

20   By this amended complaint, plaintiffs seek relief on behalf of themselves and those

21   similarly situated requiring defendants to restore them and those similarly situated to

22   the position they would be in but for defendants' unlawful actions as alleged herein.

23   II

24   JURISDICTION AND VENUE

25   4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

26   question jurisdiction). Declaratory judgment is sought pursuant to 28 U.S.C. §§ 2201-02.

27   5. Venue is properly in this district pursuant to 28 U.S.C. § 1391(b) and (e)(1), (2)

28   and (4), because some of the acts complained of occurred in this district, some of the

1   plaintiffs reside in this district, defendants have offices in this district, and no real

2   property is involved in this action.

3                                          III

4                                        PARTIES

5          6. Plaintiff CATHOLIC CHARITIES CYO is a non-profit organization serving the

6   immigrant communities of San Francisco, Marin, and San Mateo Counties in California.

7   Among other activities, CATHOLIC CHARITIES CYO provides legal aid to indigent

8   immigrants who wish to legalize their status. Among CATHOLIC CHARITIES CYO's

9   clients are immigrants who (i) are the victims of crime in the United States, (ii)

10  cooperated with law enforcement agencies, and (iii) applied for U visas, but for several

11  years were unlawfully denied U visas by defendants' failure to implement the Crime

12  Victims Act as herein alleged. These clients include, *inter alia*, plaintiffs SANDRA BUCIO,

13  ANDRES BUCIO PEREZ, and SERGIO BUCIO PEREZ, all of whom continue to suffer ongoing

14  injuries as a result of defendants' conduct as allege herein.

15         7. Plaintiff INTERNATIONAL INSTITUTE OF THE EAST BAY ("IIEB") is a non-profit

16  legal organization that provides free and low-cost legal and social services to

17  immigrants and refugees in the East Bay of northern California. Among other activities,

18  IIEB provides legal aid to indigent immigrants who wish to legalize their status. Among

19  IIEB's clients are immigrants who (i) are the victims of crime in the United States, (ii)

20  cooperated with law enforcement agencies, and (iii) applied for U visas, but for several

21  years were unlawfully denied U visas by defendants' failure to implement the Crime

22  Victims Act as herein alleged. These clients include, *inter alia*, Ibis Brignardello, Luis

23  Perez, Javier Gonzalez, Circe Gonzalez, and Heather Malise, all of whom are members

24  of the class proposed herein and continue to suffer ongoing injuries as a result of

25  defendants' conduct as allege herein.

8. Plaintiff VOCES UNIDAS PROJECT OF THE CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW ("VOCES UNIDAS") is a national program that provides free legal services to Mexican immigrants residing in the United States, including the survivors of domestic abuse and victims of crime. The VOCES UNIDAS project also provides technical support and funding to numerous non-profit organizations providing free legal services to immigrant survivors of domestic violence and victims of crime. Among the clients of plaintiff VOCES UNIDAS are immigrants who (i) are the victims of crime in the United States (and/or their close family members), (ii) cooperated with law enforcement agencies, and (iii) applied for U visas, but for several years were unlawfully denied U visas by defendants' failure to implement the Crime Victims Act as herein alleged. These clients include, *inter alia*, plaintiffs ROSA AMEZQUITA RAZO, ANTONIO PEREZ GARCIA, VERONICA REYES BONILLA, MARIA LUISA ARROYO TORRES, and ALMA ROSA PADILLA DE HERNANDEZ, all of whom continue to suffer ongoing injuries as a result of defendants' conduct as allege herein.

9. Plaintiff SANCTUARY FOR FAMILIES ("SFF") is a New York not-for-profit corporation with principal offices in New York, New York. SFF is dedicated to providing services to victims of domestic violence. Among other activities, SFF provides free legal services to low-income and under-served immigrants who wish to legalize their status. Among SFF's clients are immigrants who (i) are the victims of crime in the United States (and/or their close family members), (ii) cooperated with law enforcement agencies, and (iii) applied for U visas, but for several years were unlawfully denied U visas by defendants' failure to implement the Crime Victims Act as herein alleged. These clients include, *inter alia*, plaintiffs MARLINDA CLARKE, MARIA HERNANDEZ, CONSTANTINA CAMPOS, and IRMA MORENO SANVICENTE, all of whom continue to suffer ongoing injuries as a result of defendants' conduct as allege herein. In addition to other injuries, as a direct and proximate result of defendants' failure to

Amended Complaint
No. C 07-1307 PJH

- 5 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

timely implement the U visa program and refusal to permit the close family members of deferred action recipients to enter the United States without special permission to do so, SFF has had to apply for humanitarian parole for children living abroad, a process so time consuming that SFF has only applied on behalf of four children to date.

10. Plaintiff DIOCESAN MIGRANT & REFUGEE SERVICES, INC ("DMRS") is a not-for-profit legal aid clinic located in El Paso, Texas. Among other activities, DMRS provides free and low cost legal services to the low-income immigrants eligible to legalize their status, including immigrant victims of crime who cooperated with law enforcement agencies. The unavailability of U visas requires DMRS to assist clients to apply for two benefits instead of one. First, it must assist clients to apply for "deferred action" and for temporary employment authorization, relief that must be renewed through a new application annually. Second, if and when implementing regulations are finally promulgated, DMRS must then assist its clients to apply for U visas. DMRS also has several clients who are the immigrant parents of United States citizen children who are the victims of crime and who or whose parents cooperated with law enforcement agencies in the investigation or prosecution of such crimes, such that 8 U.S.C. §§ 1101(U)(i)(III) in conjunction with 1184(p) operate to deny U visa eligibility to these clients while granting such benefit to the immigrant parents of undocumented and lawful permanent resident children. Defendants' non-feasance and other unlawful policies as herein alleged are therefore diverting the limited resources of DMRS and making their work and achievement of their goals more difficult and costly. DMRS's delivering services to crime victims eligible for U visas is more difficult, time-consuming, and expensive than is its delivering like services to persons who seek lawful status under provisions of the Immigration and Nationality Act for which implementing regulations have been duly promulgated.

11. As a direct and proximate result of defendants' non-feasance as alleged herein, plaintiffs CATHOLIC CHARITIES CYO, IIEB, VOCES UNIDAS, SFF and DMRS were for nearly seven years unable to obtain U visas for their clients, making the achievement of their goals substantially more difficult. Some clients of said plaintiff organizations were unwilling to apply for deferred action because they feared they might thereby prejudice their eligibility for U visas because defendants' U visa regulations could be inconsistent with the guidelines defendants used in determining whether to grant deferred action. Nor have defendants' interim U visa regulations ended their interference with the work of plaintiffs CATHOLIC CHARITIES CYO, IIEB, VOCES UNIDAS, SFF and DMRS. The long delay in defendants' issuing U visas is requiring plaintiffs CATHOLIC CHARITIES CYO, IIEB, VOCES UNIDAS, SFF and DMRS to assist clients apply for two benefits instead of one. First, said plaintiffs assisted clients to apply for "deferred action," and now they are assisting those same clients apply for U visas. Delivering services to crime victims eligible for U visas is more difficult, time-consuming, and expensive than the delivery of comparable services to persons who seek lawful status under provisions of the Immigration and Nationality Act for which implementing regulations have been timely promulgated. Defendants' non-feasance and other unlawful actions as herein alleged therefore continue to divert the limited resources of plaintiffs CATHOLIC CHARITIES CYO, IIEB, VOCES UNIDAS, SFF and DMRS and make their work and achievement of their goals more difficult and costly.

12. Plaintiffs ELIZABETH LOPEZ GOMEZ, SANDRA BUCIO, CONSTANTINA CAMPOS, MARIA ESTERVINA PEREZ, FRANCISCA RAMIREZ ALVAREZ, IRMA MORENO SANVICENTE, MARIA LUISA ARROYO TORRES, ALMA ROSA PADILLA DE HERNANDEZ and MARIA HERNANDEZ are victims of particularly serious crimes in the United States; each is *prima facie* eligible for a U visa under 8 U.S.C. §§ 1101(U)(i) and 1184(p) because —

Amended Complaint
No. C 07-1307 PJH
- 7 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

(a) she or he suffered substantial physical or mental abuse as a result of having been the victim of criminal activity;

(b) she or he possesses information concerning the criminal activity;

(c) she or he has been helpful, is being helpful, or is likely to be helpful to Federal, State, or local law enforcement official investigating or prosecuting the criminal activity;

(d) the criminal activity violated the laws of the United States or occurred in the United States;

(e) the criminal activity involved rape, trafficking, domestic violence, sexual assault, false imprisonment, felonious assault or similar activity; and

(f) a Federal, State, or local law enforcement official, prosecutor, judge, or other Federal, State, or local authority investigation criminal activity has certified that he or she has been helpful, is being helpful, or is likely to be helpful in the investigation or prosecution of criminal activity described in 8 U.S.C. § 1101(a)(15)(U)(iii).

13. Plaintiffs ROSA AMEZQUITA RAZO, ANTONIO PEREZ GARCIA, and VERONICA REYES BONILLA are victims of particularly serious crimes in the United States investigated by defendants, but whose helpfulness to the investigation or prosecution of such crimes defendants have unlawfully refused to certify; each is otherwise *prima facie* eligible for a U visa under 8 U.S.C. § 1101(U)(i) because —

(a) she or he suffered substantial physical or mental abuse as a result of having been the victim of criminal activity;

(b) she or he possesses information concerning the criminal activity;

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

(c) she or he has been helpful, is being helpful, or is likely to be helpful to Federal, State, or local law enforcement official investigating or prosecuting the criminal activity;

(d) the criminal activity violated the laws of the United States or occurred in the United States; and

(e) the criminal activity involved rape, trafficking, domestic violence, sexual assault, false imprisonment, felonious assault or similar activity.

14. Plaintiffs ANDRES BUCIO PEREZ and SERGIO BUCIO PEREZ are the sons of plaintiff SANDRA BUCIO; plaintiff MARLINDA CLARKE is the daughter of plaintiff MARIA HERNANDEZ. Plaintiff PATRICIA GARCIA is the daughter of Martha Garcia, a crime victim who is *prima facie* eligible for a U visa pursuant to 8 U.S.C. §§ 1101(U)(i) and 1184(p). Plaintiffs ANDRES BUCIO PEREZ, SERGIO BUCIO PEREZ, MARLINDA CLARKE and PATRICIA GARCIA, are *prima facie* eligible for derivative U visas under 8 U.S.C. § 1101(U)(ii) because they are children accompanying or following to join aliens described in 8 U.S.C. §§ 1101(U)(i).

15. Plaintiff ELIZABETH LOPEZ GOMEZ is a citizen and national of Mexico. She is a resident of San Mateo, California. Plaintiff LOPEZ GOMEZ is a victim of the infliction of corporal injury on a spouse, criminal assault, and criminal threats. Plaintiff LOPEZ GOMEZ reported these crimes to the Menlo Park Police Department, and the perpetrator was arrested and prosecuted as a result. On or about April 30, 2004, a San Mateo County deputy district attorney certified that plaintiff LOPEZ GOMEZ possesses information concerning this criminal activity and was being helpful in the prosecution of the perpetrator. She is in all other respects statutorily eligible for the issuance of a U visa. On or about May 21, 2004, plaintiff LOPEZ GOMEZ presented defendants with a written request that they issue her lawful status in accordance with the Crime Victims Act. On or about January 5, 2005, defendants granted plaintiff LOPEZ GOMEZ deferred

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

action, but refused to adjudicate her eligibility for a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff LOPEZ GOMEZ a U visa, she would have accrued three years of continuous physical presence in the United States following receipt of a U visa on or about January 5, 2007, and since then would have been eligible for lawful permanent residence. On or about November 12, 2007, plaintiff LOPEZ GOMEZ again applied for a U visa in accordance with defendants' regulations. Defendants have yet to issue plaintiff LOPEZ GOMEZ a U visa, and as a direct and proximate result of defendants' non-feasance as alleged herein, plaintiff LOPEZ GOMEZ, among other injuries, continues to be denied lawful permanent residence and accrued time towards eligibility for naturalization.

16. Plaintiff SANDRA BUCIO is a citizen and national of Mexico. She is a resident of San Francisco, California. Plaintiff SANDRA BUCIO is a victim of aggravated battery, false imprisonment and aggravated assault. She cooperated with law enforcement in the investigation and prosecution of the crime against her and is in all other respects statutorily eligible for the issuance of a U visa. On or about February 1, 2004 plaintiff SANDRA BUCIO presented defendants a written request for lawful status in accordance with the Crime Victims Act. On or about August 3, 2004, defendants granted plaintiff SANDRA BUCIO deferred action, but refused to adjudicate her eligibility for a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff SANDRA BUCIO a U visa, she would have accrued three years of continuous physical presence in the United States following receipt of a U visa on or before August 3, 2007, and since then would have been eligible for lawful permanent residence. On or about November 2, 2007, plaintiff SANDRA BUCIO again applied for a U visa in accordance with defendants' regulations. Defendants have yet to issue plaintiff SANDRA BUCIO a U visa, and as a direct and proximate result of defendants' non-feasance as alleged herein, plaintiff SANDRA BUCIO, among other injuries, continues to

Amended Complaint
No. C 07-1307 PJH
- 10 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

be denied lawful permanent residence and accrued time towards eligibility for
naturalization.

17. Plaintiff CONSTANTINA CAMPOS is a citizen and national of Mexico. She is a
resident of Brooklyn, New York. She is a victim of domestic violence, cooperated with
law enforcement, and is statutorily eligible for a U visa. In or about July 2002, she
petitioned the USCIS for a U visa and for deferred action. Over 13 months later, on or
about October 17, 2003, defendants granted plaintiff CAMPOS deferred action, but
refused to grant her a U visa because they had yet to implement the U visa program.
But for defendants' refusal to grant plaintiff CAMPOS a U visa, she would have accrued
three years of continuous physical presence in the United States following receipt of a U
visa on or about October 17, 2006, at which time she would have become eligible for
lawful permanent residence. Defendants have yet to issue plaintiff CAMPOS a U visa,
and as a direct and proximate result of defendants' non-feasance as alleged herein,
plaintiff CAMPOS, among other injuries, continues to be denied lawful permanent
residence and accrued time towards eligibility for naturalization.

18. Plaintiff MARIA ESTERVINA PEREZ is a citizen and national of El Salvador. She
is a resident of Menlo Park, California. Plaintiff ESTERVINA PEREZ is a victim of the
infliction of corporal injury and criminal assault. Plaintiff ESTERVINA PEREZ reported
these crimes to the Menlo Park Police Department, and the perpetrator was arrested
and prosecuted as a result. On or about May 4, 2004, a San Mateo County deputy
district attorney certified that plaintiff ESTERVINA PEREZ possesses information
concerning this criminal activity and was being helpful to the prosecution of the
perpetrator. She is in all other respects statutorily eligible for a U visa. On or about July
28, 2004, plaintiff ESTERVINA PEREZ presented defendants a written request for lawful
status in accordance with the Crime Victims Act. On or about October 22, 2004,
defendants granted plaintiff ESTERVINA PEREZ deferred action, but refused to adjudicate

her eligibility for a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff ESTERVINA PEREZ a U visa, she would have accrued three years of continuous physical presence in the United States following receipt of a U visa on or before October 22, 2007, and since then would have been eligible for lawful permanent residence. On or about October 25, 2007, plaintiff ESTERVINA PEREZ again applied for a U visa in accordance with defendants' regulations. Defendants have yet to issue plaintiff ESTERVINA PEREZ a U visa, and as a direct and proximate result of defendants' non-feasance as alleged herein, plaintiff ESTERVINA PEREZ, among other injuries, continues to be denied lawful permanent residence and accrued time towards eligibility for naturalization.

19. Plaintiff FRANCISCA RAMIREZ ALVAREZ is a citizen and national of Mexico. She is a resident of Louisville, Kentucky. She is a victim of domestic violence and is statutorily eligible for the issuance of a U visa. On or about March 19, 2002, January 2, 2003, and February 1, 2004, she petitioned defendants for benefits under the Crime Victims Act. On or about October 17, 2003, defendants granted plaintiff RAMIREZ ALVAREZ deferred action, but refused to adjudicate her eligibility for a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff RAMIREZ ALVAREZ a U visa, she would have accrued three years in U visa status on or before October 17, 2006, and since then would have been eligible for lawful permanent residence. Defendants have yet to issue plaintiff RAMIREZ ALVAREZ a U visa, and as a direct and proximate result of defendants' non-feasance as alleged herein, plaintiff RAMIREZ ALVAREZ, among other injuries, continues to be denied lawful permanent residence and accrued time towards eligibility for naturalization.

20. Plaintiff MARIA HERNANDEZ is a citizen of Trinidad and Tobago. She was born September 18, 1959, and resides with her daughters, Marlinda Clarke and Martina Clarke, in Brooklyn, New York. Plaintiff HERNANDEZ is a victim of felony assault, who

Amended Complaint
No. C 07-1307 PJH

- 12 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1  cooperated with law enforcement in the investigation of the crime against her and is in

2  all other respects statutorily eligible for the issuance of a U visa. On or about December

3  18, 2006, plaintiff HERNANDEZ petitioned the USCIS for benefits under the Crime

4  Victims Act for herself as well as her daughters. On or about April 26, 2007, defendants

5  granted plaintiff HERNANDEZ and her two daughters deferred action, but refused to

6  issue her or her daughters U visas because they had yet to implement the U visa

7  program. On December 22, 2006, plaintiff HERNANDEZ'S daughter, plaintiff MARLINDA

8  CLARKE, turned 21 years of age and as a direct and proximate result of defendants'

9  delay as alleged herein, is now deemed ineligible for a derivative U visa. On February 8,

10  2008, defendants notified Plaintiff HERNANDEZ that her daughter plaintiff MARLINDA

11  CLARKE'S application for a U visa was being returned to Plaintiff HERNANDEZ because a

12  child derivative over the age of 21 is ineligible for derivative status. Among other

13  injuries, plaintiff HERNDANDEZ is being denied her right to family integrity because her

14  daughter, plaintiff MARLINDA CLARKE, now resides in the United States without

15  documented authorization to do so. But for defendants' refusal to grant plaintiff

16  HERNANDEZ and her daughters U visas, plaintiff HERNANDEZ would now enjoy the

17  undisturbed care, companionship and support of her daughter, plaintiff MARLINDA

18  CLARKE.

19        21. Plaintiff MARLINDA V. CLARKE is a citizen of Trinidad and Tobago. She was

20  born December 22, 1985, and is the daughter of plaintiff MARIA HERNANDEZ. Plaintiff

21  CLARKE resides with her mother in Brooklyn, New York. Plaintiff CLARKE's mother is a

22  victim of particularly serious crime, who cooperated with law enforcement in the

23  investigation of the crime against her and is in all other respects statutorily eligible for

24  the issuance of a U visa. On or about December 18, 2006, plaintiff CLARKE petitioned the

25  USCIS for benefits under the Crime Victims Act. Pursuant to 8 U.S.C. §

26  1101(a)(15)(U)(ii)(II), plaintiff CLARKE was then eligible for "derivative" U visa status as

Amended Complaint
No. C 07-1307 PJH
- 13 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

a child who is accompanying or following to join her mother. On or about April 26, 2007, defendants granted plaintiff CLARKE deferred action, but refused to issue her a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff CLARKE a U visa, she would have accrued time toward eligibility for lawful permanent residence from April 26, 2006, onward. Among other injuries, plaintiff CLARKE continues to be denied accrued time towards eligibility for lawful permanent residence and naturalization. On December 22, 2006, plaintiff CLARKE turned 21 years of age. On or about February 8, 2008, as a direct and proximate result of defendants' delay as alleged herein, defendants declared plaintiff CLARKE ineligible for a derivative U visa solely because the had turned 21.

22. Plaintiff PATRICIA GARCIA is a citizen of Mexico. She was born September 16, 1986. Plaintiff GARCIA resides in Hayward, California. Plaintiff GARCIA's mother is a victim of particularly serious crime, who cooperated with law enforcement in the investigation of the crime against her and is in all other respects statutorily eligible for the issuance of a U visa. On or about July 18, 2007, defendant USCIS granted plaintiff GARCIA interim relief based on her *prima facie* eligibility for benefits under the Crime Victims Act. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii)(II), plaintiff GARCIA was then eligible for "derivative" U visa status as a child who is accompanying or following to join her mother. Defendants refused to issue plaintiff GARCIA a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff GARCIA a U visa, she would have accrued time toward eligibility for lawful permanent residence from April 26, 2006, onward. Among other injuries, plaintiff GARCIA continues to be denied accrued time towards eligibility for lawful permanent residence and naturalization. On September 16, 2007, plaintiff GARCIA turned 21 years of age and as a direct and proximate result of defendants' delay as alleged herein, is now deemed ineligible for a derivative U visa.

Amended Complaint
No. C 07-1307 PJH

- 14 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

23. Plaintiff BLANCA ROSSELL is a citizen and national of Mexico. Plaintiff ROSSELL resides in Sunnyvale, California. Plaintiff ROSSELL's daughter, Georgette Fernandez, was born April 25, 1980, is a victim of rape committed in the United States, cooperated with law enforcement in the investigation of the crime against her, and is in all other respects statutorily eligible for the issuance of a U visa. Defendant USCIS granted plaintiff ROSSELL interim relief based on her *prima facie* eligibility for benefits under the Crime Victims Act. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii)(I), plaintiff ROSSELL was then eligible for "derivative" U visa status as a parent who is accompanying or following to join a child. Defendants refused to issue plaintiff ROSSELL a U visa because they had yet to implement the U visa program. But for defendants' refusal to grant plaintiff ROSSELL a U visa, she would have accrued time toward eligibility for lawful permanent residence from April 26, 2006, onward. Among other injuries, plaintiff GARCIA continues to be denied accrued time towards eligibility for lawful permanent residence and naturalization. On September 16, 2007, plaintiff ROSSELL's daugher, Georgette Fernandez, turned 21 years of age and as a direct and proximate result of defendants' delay as alleged herein, plaintiff ROSSELL is now deemed ineligible for a derivative U visa.

24. Plaintiff IRMA MORENO SANVICENTE is a citizen and national of Mexico. She is a resident of Brooklyn, New York. She is a victim of criminal domestic violence, cooperated with law enforcement, and is in all other respects statutorily eligible for a U visa. On or about January 17, 2006, New York County District Attorney's Office executed a certification that plaintiff MORENO SANVICENTE had been helpful to the investigation or prosecution of the crime committed against her. On or about August 19, 2005, plaintiff MORENO SANVICENTE presented defendants with a written request for relief under the Crime Victims Act. On November 15, 2005, defendants refused to grant plaintiff MORENO SANVICENTE a U visa because they had yet to implement the U visa

Amended Complaint
No. C 07-1307 PJH

- 15 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

program, and denied her interim relief because her law enforcement certification was not signed within six months of her request. Plaintiff MORENO SANVICENTE sought and obtained a fresh U certification, and on or about February 3, 2006, presented defendants with a second request for benefits under the Crime Victims Act. On or about February 9, 2006, defendants granted plaintiff MORENO SANVICENTE interim relief, but denied her a U visa because they had yet to implement the U visa program. As a direct and proximate result of (i) defendants' failure to timely implement the U visa program; and (ii) policy and practice of requiring that law enforcement certifications be executed no more than six months prior to filing for interim relief and/or U visas, plaintiff MORENO SANVICENTE is being denied accrued time toward eligibility for lawful permanent residence for the period from November 15, 2005, to February 9, 2006.

25. Plaintiff MARIA LUISA ARROYO TORRES is a citizen and national of Mexico. She is a resident of Mercedes, Texas. She is a victim of assault and domestic violence and is statutorily eligible for the issuance of a U visa. On or about July 14, 2006, she petitioned the USCIS for benefits under the Crime Victims Act. Plaintiff TORRES submitted her application with a U certification signed on August 5, 2005 by an assistant criminal district attorney of Hidalgo County, Texas, an official who was neither the head of a law enforcement agency nor designated by the head of a law enforcement agency to execute law enforcement certifications on behalf of the agency. On or about December 13, 2006, defendants denied her request for a U visa because they had yet to implement the U visa program and denied her interim relief because her U certification had not been executed within six months of her request. On or about January 30, 2007, plaintiff ARROYO TORRES obtained a fresh law enforcement certification, and on or about March 2, 2007, reapplied for benefits under the Crime Victims Act. On or about April 17, 2007, defendants issued her interim relief, but refused to grant plaintiff ARROYO TORRES a U visa because they had yet to implement

the U visa program. As a direct and proximate result of (i) defendants' failure to timely implement the U visa program; and (ii) policy and practice of requiring that law enforcement certifications be executed no more than six months prior to filing for interim relief and/or U visas, plaintiff ARROYO TORRES is being denied accrued time toward eligibility for lawful permanent residence for the period from December 13, 2006, to April 17, 2007.

26. Plaintiff ALMA ROSA PADILLA DE HERNANDEZ is a citizen and national of Mexico. She is a resident of Sylmar, California, and the victim of criminal domestic violence. She is statutorily eligible for a U visa. On or about March 23, 2007, she petitioned the USCIS for benefits under the Crime Victims Act. In support of her application plaintiff PADILLA submitted a law enforcement certification executed on May 19, 2006, by a Deputy Sheriff of the County of Los Angeles, an official who was neither the head of a law enforcement agency nor designated by the head of a law enforcement agency to execute law enforcement certifications on behalf of the agency. On or about May 24, 2007, defendants denied plaintiff PADILLA deferred action solely because her law enforcement certification had been signed more than six months prior to her requesting benefits under the Crime Victims Act. Defendants refused to issue plaintiff PADILLA a U visa because, as alleged herein, they had yet to implement the U visa program. Plaintiff PADILLA remains ineligible for a U visa pursuant to defendants' regulations because her law enforcement certification (i) is more than six months old; (ii) was not executed by the head of a law enforcement agency or a subordinate specifically designated by the head of the agency to execute law enforcement certifications; and (iii) does not meet the requirements of defendants' interim regulations as to form and substance, including that law enforcement certifications be executed on CIS Form I-918 Supplement B. As a direct and proximate result of defendants' policy and practice of requiring that law enforcement certifications be

Amended Complaint
No. C 07-1307 PJH

- 17 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

executed no more than six months prior to filing for interim relief and/or U visas, plaintiff PADILLA would have accrued time toward eligibility for lawful permanent residence from May 24, 2007, onward. Among other injuries, as a direct and proximate result of defendants' challenged policies and practices, plaintiff PADILLA continues to be denied a U visa and accrued time towards eligibility for lawful permanent residence and naturalization.

27. Plaintiff ROSA AMEZQUITA RAZO is a citizen and national of Mexico. She is a resident of Fort Mill, South Carolina. Plaintiff AMEZQUITA RAZO is the victim of criminal transporting of aliens resulting in serious bodily injury or death, a crime investigated by defendants. Plaintiff AMEZQUITA RAZO appeared as a witness for the prosecution, and on or about October 26, 2007, the perpetrator of the crime against plaintiff AMEZQUITA RAZO was convicted. Thereafter, plaintiff AMEZQUITA RAZO repeatedly requested that the United States Customs and Border Protection execute a certification attesting to her having been helpful to federal authorities investigating or prosecuting criminal activity. Defendants refused to execute the requested certification. Said refusal was arbitrary and capricious and an abuse of discretion. On information and belief, defendants' refusal to certify plaintiff AMEZQUITA RAZO's having been helpful to their investigating or prosecuting criminal activity was pursuant to a policy and practice against issuing any such certifications regardless of the merits of any individual request. Plaintiff AMEZQUITA RAZO is in all other respects eligible for a U visa. As a direct and proximate result of defendants' policy and practice against issuing such certifications, plaintiff AMEZQUITA RAZO has no means to seek a U visa.

28. Plaintiff ANTONIO PEREZ GARCIA is a citizen and national of Mexico. He is a resident of Avenal, California. Plaintiff PEREZ GARCIA is the victim of criminal transporting of aliens resulting in serious bodily injury or death, a crime investigated by defendants. Plaintiff PEREZ GARCIA appeared as a witness for the prosecution, and on

No. C 07-1307 PJH

- 18 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

or about October 26, 2007, the perpetrator of the crime against plaintiff PEREZ GARCIA was convicted. Thereafter, plaintiff PEREZ GARCIA repeatedly requested that the United States Customs and Border Protection execute a certification attesting to his having been helpful to federal authorities investigating or prosecuting criminal activity. Defendants refused to execute the requested certification. Said refusal was arbitrary and capricious. On information and belief, defendants' refusal to certify plaintiff PEREZ GARCIA's having been helpful to their investigating or prosecuting criminal activity was pursuant to a policy and practice against issuing any such certifications regardless of the merits of any individual request. Plaintiff PEREZ GARCIA is in all other respects eligible for a U visa. As a direct and proximate result of defendants' policy and practice against issuing such certifications, plaintiff PEREZ GARCIA has no means to seek a U visa.

29. Plaintiff VERONICA REYES BONILLA is a citizen and national of Mexico. She is a resident of Rialto, California. Plaintiff REYES BONILLA is the victim of criminal transporting of aliens resulting in serious bodily injury or death, a crime investigated by defendants. Plaintiff REYES BONILLA appeared as a witness for the prosecution, and on or about October 26, 2007, the perpetrator of the crime against plaintiff REYES BONILLA was convicted. Thereafter, plaintiff REYES BONILLA repeatedly requested that the United States Customs and Border Protection execute a certification attesting to her having been helpful to federal authorities investigating or prosecuting criminal activity. Defendants refused to execute the requested certification. Said refusal was arbitrary and capricious and abuse of discretion. On information and belief, defendants' refusal to certify plaintiff REYES BONILLA's having been helpful to their investigating or prosecuting criminal activity was pursuant to a policy and practice against issuing any such certifications regardless of the merits of any individual request. Plaintiff REYES BONILLA is in all other respects eligible for a U visa. As a direct and proximate result of

defendants' policy and practice against issuing such certifications, plaintiff REYES BONILLA has no means to seek a U visa.

29.1. Plaintiff MELCHOR VARGAS SILVA is a citizen and national of Mexico. He is a resident of Hayward, California, and the victim of felonious assault perpetrated by a U.S. Border Patrol agent near Tucson, Arizona on May 15, 2006. Following this assault, plaintiff VARGAS SILVA cooperated with defendants' investigation of the crime committed against him. In December 2006, plaintiff VARGAS SILVA requested defendants issue him a law enforcement certification so that he could apply for benefits under the Crime Victims Act. On or about March 20, 2007, defendants refused to issue plaintiff VARGAS SILVA a law enforcement certification. Plaintiff VARGAS SILVA is in all other respects eligible for a U visa, and on or about January 2, 2007, he petitioned defendants for benefits under the Crime Victims Act despite his lacking a law enforcement certification. On or about March 7, 2007, defendants refused to issue plaintiff VARGAS SILVA interim relief because he had no law enforcement certification. Defendants' refusal to issue plaintiff VARGAS SILVA a law enforcement certification was and continues to be arbitrary, capricious, and an abuse of discretion.

30. Plaintiff SERGIO BUCIO PEREZ is a citizen and national of Mexico and the minor child of plaintiff SANDRA BUCIO, whom he sues through as his next friend. Plaintiffs SERGIO BUCIO PEREZ resides with his mother in San Francisco, California. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii)(II), plaintiff SERGIO BUCIO PEREZ is eligible for a derivative U visa as a child accompanying or following to join his mother. On or about February 1, 2004, plaintiffs SERGIO BUCIO PEREZ presented defendants with written request for lawful status under the Crime Victims Act. On or about June 3, 2004, defendants granted plaintiff SERGIO BUCIO PEREZ deferred action, but refused to grant his a U visa because they had yet implement the U visa program. But for defendants' refusal to grant plaintiff SERGIO BUCIO PEREZ a U visa, he would have accrued three

Amended Complaint
No. C 07-1307 PJH

- 20 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

years in U visa status on or before June 3, 2007, and since that time would have been eligible for lawful permanent residence. On or about November 2, 2007, plaintiff SERGIO BUCIO PEREZ again applied for a U visa in accordance with defendants' regulations. Defendants have yet to issue plaintiff SERGIO BUCIO PEREZ a U visa. As a direct and proximate result of defendants' actions as alleged herein, plaintiff SERGIO BUCIO PEREZ, among other injuries, continue to be denied lawful permanent residence and accrued time towards eligibility for lawful permanent residence and naturalization. Plaintiff SERGIO BUCIO PEREZ is statutorily entitled to employment authorization, but pursuant to defendants' regulation, 8 C.F.R. § 214.14(f)(7), he must apply separately for documentation of such authorization, a requirement defendants do not impose on principal U visa recipients notwithstanding that 8 U.S.C. § 1184(p)(3)(B) grants principal and derivative U visa holders identical rights to employment authorization.

31. Plaintiff ANDRES BUCIO PEREZ is a citizen and national of Mexico and the minor child of plaintiff SANDRA BUCIO, whom he sues through as his next friend. Plaintiffs ANDRES BUCIO PEREZ resides with his mother in San Francisco, California. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii)(II), plaintiff ANDRES BUCIO PEREZ is eligible for a derivative U visa as a child accompanying or following to join his mother. On or about February 1, 2004, plaintiffs ANDRES BUCIO PEREZ presented defendants with written request for lawful status under the Crime Victims Act. On or about June 3, 2004, defendants granted plaintiff ANDRES BUCIO PEREZ deferred action, but refused to grant his a U visa because they had yet implement the U visa program. But for defendants' refusal to grant plaintiff ANDRES BUCIO PEREZ a U visa, he would have accrued three years in U visa status on or before June 3, 2007, and since that time would have been eligible for lawful permanent residence. On or about November 2, 2007, plaintiff ANDRES BUCIO PEREZ again applied for a U visa in accordance with defendants' regulations. Defendants have yet to issue plaintiff ANDRES BUCIO PEREZ a U visa. As a

direct and proximate result of defendants' actions as alleged herein, plaintiff ANDRES BUCIO PEREZ, among other injuries, continue to be denied lawful permanent residence and accrued time towards eligibility for lawful permanent residence and naturalization. Plaintiff ANDRES BUCIO PEREZ is statutorily entitled to employment authorization, but pursuant to defendants' regulation, 8 C.F.R. § 214.14(f)(7), he must apply separately for documentation of such authorization, a requirement defendants do not impose on principal U visa recipients notwithstanding that 8 U.S.C. § 1184(p)(3)(B) grants principal and derivative U visa holders identical rights to employment authorization.

32. Defendant Michael CHERTOFF is the Secretary of the United States Department of Homeland Security. Defendant CHERTOFF is charged with the implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, and with the administration of the United States Citizenship and Immigration Services, United States Immigration and Customs Enforcement, and United States Customs and Border Protection. He is sued in his official capacity.

33. Defendant UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS") is a bureau of the U.S. Department of Homeland Security. USCIS is charged with the implementation of the Immigration and Nationality Act, 8 U.S.C. §§ 1101 *et seq.*, including the U visa provisions, as well as enactments of Congress requiring the promulgation of implementing regulations pursuant to which plaintiffs and those similarly situated may have their eligibility for U visas lawfully determined.

IV

CLASS ALLEGATIONS

34. Plaintiffs bring this action pursuant to Fed.R.Civ.Proc. Rule 23(a) and 23(b)(2) on behalf of themselves and the following classes of similarly situated persons:

Amended Complaint
No. C 07-1307 PJH

- 22 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1)      All persons granted deferred action more than three years ago based upon their *prima facie* eligibility for U visas and who have been continuously physically present in the United States thereafter.

2)      All persons who have been *prima facie* eligible for derivative U visas pursuant to 8 U.S.C. § 1101(U)(ii), but who are denied such visas because they, or in the case of the parents of immigrant crime victims, their children, attained 21 years of age, or, in the case of siblings of crime victims, because they attained 18 years of age, before September 17, 2007.

3)      All persons denied U visas or interim relief available to persons *prima facie* eligible for U visas because their law enforcement certifications are not —

        (i)      executed by the "head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency"; and/or

        (ii)      signed by a certifying official within the six months immediately preceding their applying for U visas or interim relief.

4)      All persons who are the victims of crimes investigated by the Department of Homeland Security, its officers, or agents, and who would be *prima facie* eligible for U visas, but for defendants' refusal to issue law enforcement certifications pursuant to 8 U.S.C. § 1184(p)(1).

5)      All persons issued U visas pursuant to 8 U.S.C. § 1101(U)(ii) and who are not automatically issued documentation of their right to be lawfully employed in the United States.

35. Members of the proposed classes likely number in the hundreds and are so numerous that joinder of all members is impracticable. The claims of the proposed class representatives and those of the proposed class members raise common questions of

Amended Complaint
No. C 07-1307 PJH
- 23 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

law and fact concerning, *inter alia*, whether defendants may lawfully deny to individuals who are *prima facie* eligible for U visas the full rights and privileges that were due them, including U visas and accrual of time towards eligibility for naturalization. These questions are common to the named plaintiffs and to the members of the proposed class because defendants have acted and will continue to act on grounds generally applicable to both the named plaintiffs and proposed class members. The individual named plaintiffs' claims are typical of the class claims. The named plaintiffs will adequately represent all members of the proposed class.

36. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications establishing incompatible standards of conduct for defendants. The application of regulations, standards and procedures is a national function, not a function performed differently in each individual case or in each USCIS district or region. Prosecution of separate actions would create the risk that individual class members will secure court orders that would as a practical matter be dispositive of the claims of other class members not named parties to this litigation, thereby substantially impeding the ability of unrepresented class members to protect their interests.

37. Defendants, their agents, employees, and predecessors and successors in office have acted or refused to act, and will continue to act or refuse to act, on grounds generally applicable to the class, thereby making appropriate injunctive relief or corresponding declaratory relief with respect to the class as a whole. Plaintiffs will vigorously represent the interests of unnamed class members. All members of the proposed class will benefit by this action. The interests of the plaintiffs and those of the proposed class members are identical. Plaintiffs are represented by counsel associated with non-profit public interest law firms and reputable private firms acting *pro bono publico* and include attorneys highly experienced in federal class action litigation

involving the rights of foreign nationals, children, and refugees within the United States.

V

SUBSTANTIVE ALLEGATIONS

38. Although the Crime Victims Act set no specific date by which defendants were required to promulgate regulations implementing the U visa program, it vested qualified crime victims and their close family members with an immediate legal right to receive U visas and implicitly obliged defendants to confer U visas on qualified crime victims and their close family members without unreasonable delay.

39. In the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006) ("VAWA Reauthorization Act"), Congress directed defendants to "promulgate regulations to implement" the U visa program "[n]o later than 180 days after the date of enactment of this Act… " *Id.* at § 828. The VAWA Reauthorization Act was signed into law on January 5, 2006, and defendants were thereafter under an unambiguous legal duty to promulgate regulations implementing the U visa program no later than July 4, 2006.

40. Despite the Crime Victims Act and the VAWA Reauthorization Act, defendants failed to promulgate regulations implementing the U visa program until September 17, 2007. Even then, defendants failed to issue regulations regarding the procedures for plaintiffs and class members to apply for adjustment of status. On information and belief, defendants have yet to issue anyone an actual U visa, nor have they conferred lawful permanent residence on individuals whom defendants recognized as *prima facie* eligible for U visas more than three years ago and who have since remained continuously physically present in the United States. As a direct and proximate result of defendants' delay in implementing the U visa program, statutorily

Amended Complaint
No. C 07-1307 PJH

- 25 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

eligible persons, including the individual named plaintiffs herein were denied any means to secure U visas and related benefits, including lawful permanent residence.

41. Instead of issuing U visas, defendants granted persons who were *prima facie* eligible for such visas "interim" relief. Known as "deferred action," such relief is nowhere recognized by the Immigration and Nationality Act, but was rather created by administrative fiat. Deferred action is no more than an exercise of prosecutorial discretion not to seek a crime victims' immediate deportation or removal. Deferred action confers no cognizable legal status and simply defers an individual's deportation or removal from the United States. Crime victims to whom defendants issued deferred action were not permitted to work or travel incident to their status, but were instead required to apply separately for work and travel authorization, which defendants granted or withheld as a matter of discretion. During the interim relief program, defendants' fee for processing an application for employment authorization or an annual renewal of employment authorization was $340.00.

42. In contrast, recipients of U visas are entitled to be lawfully employed in the United States, to travel abroad, and to accrue time toward eligibility for lawful permanent residence, and *a fortiori*, naturalization. All these benefits are incident to U visa status: that is, U visa holders do not have to apply separately for any of these benefits or pay fees to have applications for such benefits separately adjudicated, nor could defendants deny U visa holders such benefits in the exercise of discretion.

43. Pursuant to 8 U.S.C. § 1255(m), persons granted U visas and who thereafter remain continuously present in the United States for three years are eligible for lawful permanent residence. Plaintiffs ELIZABETH LOPEZ GOMEZ, SANDRA BUCIO, CONSTANTINA CAMPOS, MARIA ESTERVINA PEREZ, FRANCISCA RAMIREZ ALVAREZ, ANDRES BUCIO PEREZ and SERGIO BUCIO PEREZ each received interim relief more than three years ago and has remained physically present in the United States continuously

Amended Complaint
No. C 07-1307 PJH

- 26 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

ever since, yet none has received a U visa or lawful permanent residence. Defendants'
delay in implementing the U visa program and ongoing failure to issue regulations on
adjustment of status as alleged herein continues to deprive said plaintiffs of U visas and
lawful permanent residence.

44. 8 U.S.C. § 1427 requires that applicants for naturalization must "immediately
preceding the date of filing his application naturalization [have] resided continuously,
after being lawfully admitted for permanent residence, within the United States for at
least five years …" Persons granted interim relief do not accrue time toward eligibility
for naturalization. As a direct and proximate result of defendants' unlawful actions as
alleged herein, crime victims, including plaintiffs ELIZABETH LOPEZ GOMEZ, SANDRA
BUCIO, CONSTANTINA CAMPOS, MARIA ESTERVINA PEREZ, FRANCISCA RAMIREZ
ALVAREZ, ANDRES BUCIO PEREZ and SERGIO BUCIO PEREZ, all of whom have spent more
than three years in deferred action status while being unlawfully denied U visas and, *a
fortiori*, timely adjustment to lawful permanent residence, are being denied accrued time
toward eligibility for naturalization.

45. Although defendants required crime victims to obtain law enforcement
certifications in order to qualify for interim relief, defendants' interim requirements for
such certifications were far less exacting than those their regulations now impose.
Consequently, law enforcement certifications plaintiffs and their proposed class
members obtained over the past seven years do not satisfy the requirements of the new
regulations. Defendants' regulations permit persons who *received* deferred action to
support their U visa applications with law enforcement certifications obtained prior to
defendants' promulgating the regulations. However, persons who were not
affirmatively granted interim relief must obtain new certifications satisfying all the new
requirements of the interim regulations. New certifications are difficult, and very often
impossible, to obtain. But for defendants' nonfeasance, plaintiffs and their class

Amended Complaint
No. C 07-1307 PJH

- 27 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1    members would have timely known the requirements of a law enforcement certification

2    and been in a far better position to obtain acceptable certifications while the

3    investigations and prosecutions of the crimes committed against them were still fresh.

4         46. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii), the spouses, children, and if the

5    applicant is under 21, the unmarried siblings under 18 of crime victims who are granted

6    U visas are entitled to derivative U visas. *Id*. 8 U.S.C. § 1101(b)(1) defines the term

7    "child" as "an unmarried person under twenty-one years of age …" Therefore, children

8    eligible for derivative U visas, including plaintiffs MARLINDA V. CLARKE and PATRICIA

9    GARCIA, become ineligible for such visas if they do not receive them prior to attaining

10   21 years of age. As a direct and proximate result of defendants' failure to issue U visas,

11   persons who were statutorily eligible for derivative U visas, including plaintiffs CLARKE

12   and GARCIA, but who turned 21 years old prior to defendants' issuing U visa

13   regulations are deemed ineligible for U visas and attendant benefits, including

14   eligibility for lawful permanent residence three years after having been granted U visas.

15        47. Pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii), the parents of young crime victims

16   who receive U visas are eligible for derivative U visas. *Id*. 8 U.S.C. § 1101(b)(1) defines

17   the term "child" as "an unmarried person under twenty-one years of age …" Therefore,

18   parents eligible for derivative U visas, including plaintiff BLANCA ROSSELL, become

19   ineligible for such visas if they do not receive them prior to their children's attaining 21

20   years of age. As a direct and proximate result of defendants' failure to issue U visas,

21   parents who were statutorily eligible for derivative U visas, but whose children turned

22   21 years old prior to defendants' issuing U visa regulations, are deemed ineligible for U

23   visas and attendant benefits, including eligibility for lawful permanent residence three

24   years after having been granted U visas.

25        48. Pursuant to 8 U.S.C. § 1184(p), applicants must support their applications for

26   U visas with "a certification from a Federal, State, or local law enforcement official,

prosecutor, judge, or other Federal, State, or local authority investigating criminal activity …. This certification may also be provided by an official of the Service whose ability to provide such certification is not limited to information concerning immigration violations…." Obtaining a law enforcement certification is the single most difficult part of preparing a U visa application. Many local law enforcement officials are unfamiliar with the U visa statute, are overburdened with other responsibilities, and are reluctant to issue law enforcement certifications in the first instance, much less months after their investigations or prosecutions have closed.

49. Although neither 8 U.S.C. § 1184(p) nor any other statute requires that a law enforcement certification be signed within any specific time prior to the presentation of a petition for a U visa, defendants' regulation, 8 C.F.R. § 214.14(c)(2)(i), requires that U visa applicants furnish a law enforcement certification signed no more than six months prior to their filing a U visa application. It is often difficult or impossible for crime victims to prepare and file an application for a U visa within six months. Immigrant crime victims are often physically or psychologically incapacitated as a result of the crimes against them, and their obtaining identity and other required documents from remote areas in foreign countries can often consume more than six months. Most immigrant crime victims are indigent and have few free or low cost legal services available to them. Organizations that provide free or low cost legal services to immigrant crime victims, including plaintiff VOCES UNIDAS, have too few resources to serve all who require legal aid, and the press of other business often prevents them from devoting significant additional resources to a U visa case until after the crucial law enforcement certification has been obtained.

50. Although neither 8 U.S.C. § 1184(p) nor any other statute requires that a law enforcement certification be signed by the head of the certifying agency or his or her specific designee, 8 C.F.R. § 214.14(a)(3) requires that such certifications be executed by

Amended Complaint
No. C 07-1307 PJH

- 29 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

the "head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency." Many local law enforcement heads are largely unfamiliar with the U visa statute, are too overburdened with other responsibilities to issue law enforcement certifications themselves, and have not and will not specifically designate any other person in a supervisory role to issue U nonimmigrant status certifications on behalf of that agency.

51. 8 C.F.R. § 214.14(c) provides, "A petitioner who received interim relief is not required to submit initial evidence with Form I-918 if he or she wishes to rely on the law enforcement certification and other evidence that was submitted with the request for interim relief." In comments to the interim regulations defendants explain, "If a petitioner requested and received interim relief prior to the effective date of this rule, USCIS will consider the evidence submitted to meet the certification requirements for interim relief purposes in lieu of Form I-918, Supplement B.." However, persons who obtained law enforcement certifications prior to defendants' promulgating U visa regulations but were not affirmatively granted deferred action are ineligible for U visas because their law enforcement certifications were not executed by the head of the certifying agency or his or her specific designee.

52. 8 U.S.C. § 1184(p) authorizes defendants to issue law enforcement certifications to crime victims who cooperate with them in the investigation or prosecution of crime. Despite Congress's conferring certification authority on them, defendants have failed to adopt any regulation or guidelines on when they will issue law enforcement certifications to cooperating crime victims. On information and belief, defendants uniformly and arbitrarily refuse to issue law enforcement certifications to crime victims, including plaintiffs ROSA AMEZQUITA RAZO, ANTONIO PEREZ GARCIA,

Amended Complaint
No. C 07-1307 PJH

- 30 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

and VERONICA REYES BONILLA, no matter how serious the crimes against them and how much they help defendants' investigating or prosecuting serious crime.

53. Although the Crime Victims Act confers derivative U visas on the immigrant parents of immigrant crime victims who receive U visas, the immigrant parents of United States citizen crime victims are ineligible for derivative U visas. Stated otherwise, immigrant crime victims are entitled to secure lawful status for their parents and remain lawfully in the United States as a family unit; U.S. citizen crime victims enjoy no such rights.

54. Pursuant to 8 U.S.C. § 1184(p)(3)(B), defendants must, "during the period [they are] in lawful temporary resident status … provide [all U visa recipients] with employment authorization." Section 1184(p)(3)(B) grants crime victims who receive U visas and their close family members who receive derivative U visas identical rights respecting employment authorization. 8 C.F.R. § 214.14(f)(7), however, provides that derivative U visa recipients, including plaintiffs ANDRES BUCIO and SERGIO BUCIO, must apply separately, together with fee of $340.00, for documentation of employment authorization, a requirement that defendants do impose on principal U visa recipients.

VI

IRREPARABLE INJURY

55. Plaintiffs and those similarly situated are suffering and will continue to suffer irreparable injury unless this Court orders relief as prayed for herein. Such injury includes, *inter alia*, deprivation of due process and equal protection through withholding of timely U visas, loss of eligibility for derivative U visas, and loss of accrued time toward eligibility for lawful permanent residence and naturalization. Damages cannot adequately address the injuries suffered by plaintiffs and their proposed class members, including the inability to legalize their immigration status in a

manner made available by Congress and the loss of ancillary benefits available to U visa holders.

VII

FIRST CLAIM FOR RELIEF

[Continuing injury from failure to implement U visa program and issue U visas]

56. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

57. As a direct and proximate result of defendants' failure to timely implement 8 U.S.C. § 1101(a)(15)(U), and their ongoing failure to issue regulations for adjustment of status of U visa holders, plaintiffs and their proposed class members have suffered and continue to suffer the following injuries:

   a)   Principal U visa recipients who have had deferred action for more than three years have been and continue to be denied lawful permanent residence and are being precluded from accruing time toward eligibility for naturalization; and

   b)   crime victims who obtained law enforcement certifications prior to September 17, 2007, but were not issued interim relief are deemed ineligible for U visas if they are unable to obtain new certifications meeting the requirements of defendants' regulations.

58. Defendants' failure to implement 8 U.S.C. § 1101(a)(15)(U) until September 17, 2007, continuing failure to issue U visas to crime victims and their close family members lawfully entitled to such status, and failure to issue lawful permanent resident regulations or status to persons who have remained physically present in the United States continuously since receiving interim relief are agency actions unlawfully withheld or unreasonably delayed, arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and violative of (i) the Victims Protection Act of

Amended Complaint
No. C 07-1307 PJH
- 32 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. §§ 1101(a)(15)(U) and 1255(m); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; and (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution.

VII

SECOND CLAIM FOR RELIEF

[Denial of derivative U visas to persons eligible during seven year delay period ]

59. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

60. As a direct and proximate result of defendants' failure to timely implement 8 U.S.C. § 1101(a)(15)(U), plaintiffs and their proposed class members have suffered and continue to suffer the following injuries:

    a)    immigrant crime victims' children who were once statutorily eligible for derivative U visas are deemed ineligible for such visas if they turned 21 years of age prior to September 17, 2007; and

    b)    crime victims' parents who were once statutorily eligible for derivative U visas are deemed ineligible for such visas if their children turned 21 years of age prior to September 17, 2007; and

    c)    crime victims' siblings who were once statutorily eligible for derivative U visas are deemed ineligible for such visas if the crime victim turned 21 years of age prior to September 17, 2007, or the sibling turned 18 years of age prior to September 17, 2007.

61. Defendants' (a) deeming immigrant crime victims' children who were once statutorily eligible for derivative U visas ineligible for such visas because they turned 21

Amended Complaint
No. C 07-1307 PJH
- 33 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

years of age prior to September 17, 2007; (b) deeming crime victims' parents who were once statutorily eligible for derivative U visas ineligible for such visas because their children turned 21 years of age prior to September 17, 2007; and (c) deeming crime victims's siblings who were once statutorily eligible for derivative U visas ineligible for such visas because they turned 18 years of age or because the crime victims turned 21 years of age, prior to September 17, 2007, are a direct and proximate result of agency action unlawfully withheld or unreasonably delayed, are arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law, and are violative of (i) the Victims Protection Act of 2000, Pub. L. No. 106-386, Div. A, 114 Stat. 1464 (2000), *codified at, inter alia,* 8 U.S.C. §§ 1101(a)(15)(U) and 1255(m); (ii) the Immigration and Nationality Act, 8 U.S.C. § 1103; (iii) the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, 119 Stat. 2960 (2006); (iv) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; and (v) the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution.

VIII

THIRD CLAIM FOR RELIEF

[Imposition of unreasonable requirements for law enforcement certifications without statutory authority]

62. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

63. 8 C.F.R. §§ 214.14(a)(3) (requiring certification be executed by "head of the certifying agency, or any person(s) in a supervisory role who has been specifically designated by the head of the certifying agency to issue U nonimmigrant status certifications on behalf of that agency"); and 214.14(c)(2)(i) (requiring "Form I-918, Supplement B, 'U Nonimmigrant Status Certification,' signed by a certifying official

Amended Complaint
No. C 07-1307 PJH

- 34 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

within the six months immediately preceding the filing of Form I-918"), individually and in combination, violate 8 U.S.C. §§ 1101(a)(15)(U) and 1184(p)(1), and deny plaintiffs and those similarly situated due process and equal protection of the laws as guaranteed by the Fifth Amendment of the United States Constitution.

IX

FOURTH CLAIM FOR RELIEF

[Refusal to issue and set standards for issuance of law enforcement certifications]

64. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

65. Defendants' (i) policy and practice to refuse to issue law enforcement certifications to the victims of crimes investigated by the Department of Homeland Security, its officers, or agents, and (ii) failure to publish regulations or otherwise establish procedural and substantive standards for issuing law enforcement certifications to the victims of crimes investigated by the Department of Homeland Security, its officers, or agents, violate (i) the Crime Victims Protection Act, *codified at*, *inter alia*, 8 U.S.C. §§ 1101(a)(15)(U) and 1184(p)(1); (ii) the Administrative Procedure Act, §§ 5 U.S.C. §§ 551 *et seq.*; and (iii) due process and equal protection guarantees of the Fifth Amendment of the United States Constitution.

X

FIFTH CLAIM FOR RELIEF

[Denial of equal protection to U.S. citizen crime victims]

66. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

67. 8 U.S.C. §§ 1101(U)(i)(III) in conjunction with 1184(p) operate to deny U visa eligibility to the immigrant parents of United States citizen children who are the victims of crimes and who or whose parents cooperated with law enforcement agencies in the

Amended Complaint
No. C 07-1307 PJH
- 35 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

investigation or prosecution of such crimes, while granting such benefit to the immigrant parents of undocumented and lawful permanent resident children. This unequal treatment is irrational and violates the equal protection guarantee of the Fifth Amendment to the United States Constitution.

XI

SIXTH CLAIM FOR RELIEF

[Refusal of employment authorization documents to derivative U visa holders]

68. Plaintiffs incorporate by this reference the allegations set out in ¶¶ 1-55, inclusive, above as though fully realleged here.

69. Defendants' refusal to issue documentation of employment authorization to persons granted U visas pursuant to 8 U.S.C. § 1101(a)(15)(U)(ii) except upon separate application and fee, violates (i) the Crime Victims Protection Act, *codified at, inter alia*, 8 U.S.C. § 1184(p)(3)(B); and (ii) the due process and equal protection guarantees of the Fifth Amendment of the United States Constitution.

XII

PRAYER FOR RELIEF

WHEREFORE plaintiffs pray that this Court —

1. Assume jurisdiction over this action;

2. Certify this action as a class action pursuant to Rule 23(b)(2), Fed.R.Civ.Proc.;

3. Declare that defendants' policies, procedures, and practices as alleged throughout this Complaint violate the Immigration and Nationality Act, as amended by the Victims Protection Act; the Violence Against Women and Department of Justice Reauthorization Act of 2005; the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*; and the due process clause and equal protection guarantee of the Fifth Amendment to the United States Constitution;

Amended Complaint
No. C 07-1307 PJH
- 36 -
Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

4. Issue preliminary and permanent injunctions enjoined defendants, their agents, employees, and successors in office from —

    a)    Denying derivative U visas to otherwise eligible family members of crime victims because such crime victims or their family members turned 21, or in the case of siblings of crime victims, such siblings turned 18, between October 28, 2000 and September 17, 2007.

    b)    Denying accrued time toward naturalization to U visa recipients who become lawful permanent residents and would be eligible for naturalization but for defendants' delay in issuing them U visas, as challenged herein.

    c)    Denying U visas to otherwise eligible applicants on the ground that their law enforcement certifications were not signed by head of the certifying agency, or a person in a supervisory role who has been specifically designated by the head of the certifying agency to issue such certifications.

    d)    Denying U visas to otherwise eligible applicants on the ground that their law enforcement certifications were not signed within six months of their petitioning for U visas.

    e)    Failing to issue recipients of derivative U visas employment authorization documents except upon submission of a separate application and fee.

    f)    Denying derivative U visas to otherwise eligible family members of crime victims because such crime victims are United States citizens and not immigrants.

5. Award plaintiffs costs of suit and attorney's fees reasonably incurred as a result of this lawsuit; and

6. Grant such further relief as the Court may deem just and proper.

Dated: February 19, 2008.          CENTER FOR HUMAN RIGHTS AND

Amended Complaint
No. C 07-1307 PJH

- 37 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

1

2

3

CONSTITUTIONAL LAW
Peter A. Schey
Carlos R. Holguín
Angela Viramontes

4

5

ASIAN PACIFIC ISLANDER LEGAL OUTREACH
Victor M. Hwang
Ivy C. Lee

6

7

CENTRAL AMERICAN RESOURCE CENTER
Daniel Sharp

8

SANCTUARY FOR FAMILIES
Julie E. Dinnerstein

9

10

PUBLIC LAW CENTER
Kenneth W. Babcock
Kirsten M. Kreymann

11

James Parry Eyster

12

13

BUSTAMANTE AND ASSOCIATES, PLC
Andres Bustamante

14

15

16

/s/ _____
Peter A. Schey

17

18

/s/ _____
Carlos Holguin

19

Attorneys for Plaintiffs

20

/ / /

21

22

23

24

25

26

27

28

Amended Complaint
No. C 07-1307 PJH

- 38 -

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693